Filed: 12/3/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAIME MATA MENDEZ,<br><br>    Defendant and Appellant. | H038616<br>(Monterey County<br>Super. Ct. No. SS120588) |

## I. INTRODUCTION

The sole issue presented by this appeal is whether a probation condition is unconstitutionally vague when it prohibits an adult convicted of possessing a controlled substance from associating with certain types of persons " 'you know, or reasonably should know' " are drug users, probationers, or parolees. Defendant Jaime Mendez contends that an " 'actual knowledge' " requirement is constitutionally mandated. For the reasons stated below, we will reaffirm our position that language allowing either actual or constructive knowledge is constitutionally clear.

## II. TRIAL COURT PROCEEDINGS

On March 30, 2012, defendant and four male companions were contacted by Salinas police officers investigating a report of drug sales in a city park. Inside a flashlight carried by defendant was a baggie containing 0.4 grams of cocaine. Defendant, then 45 years old, admitted that the flashlight and its contents were his and said that he had relapsed into narcotics use two months earlier after two years of abstinence. One of his companions had a baggie of marijuana.

Defendant was charged by complaint with possessing cocaine. (Health & Saf. Code, § 11350, subd. (a).) On April 9, 2012, assisted by an interpreter, defendant admitted on a change of plea form that he "was in possession of a small amount of a controlled substance" and pleaded guilty to the charge on the understanding he would immediately be placed on "Proposition 36 probation." (Pen. Code, § 1210.1.)[1]

On the same day, the court suspended imposition of sentence for 18 months and placed defendant on probation with a number of conditions, including attending substance abuse counseling programs as directed by the court. Defendant orally accepted all the terms and conditions of participating in the Proposition 36 program.

Defendant failed to appear at a scheduled review hearing on April 26, 2012 and his Proposition 36 probation was summarily revoked. He was later arrested on a bench warrant and appeared in custody on May 24, 2012.

At a hearing on June 5, 2012, defense counsel acknowledged that defendant was subject to a federal Immigration and Customs Enforcement hold. In light of this, the court terminated Proposition 36 probation, recognizing that defendant would be unable to participate in such a program.

The probation report prepared for sentencing acknowledged that defendant was likely to be deported after sentencing and recommended suspending imposition of sentence for three years and placing defendant on formal probation subject to 20 numbered conditions, including: "10. Not use or possess alcohol, intoxicants, narcotics, or other controlled substances without the prescription of a physician; not traffic in, or associate with persons you know, or have reason to know, to use or traffic in[] narcotics or other controlled substances" and "16. Not associate with any individuals you know,

---

[1] Unspecified section references are to the Penal Code.

have reason to know, or are told by the Probation Officer to be drug users, or on any form of probation or parole supervision."

At the sentencing hearing on July 5, 2012, defense counsel objected to the " 'reason to know' " language in proposed conditions 10 and 16. The following dialog ensued.

"THE COURT: I think most of the Sixth District of Appeals [*sic*] I believe have upheld 'you know or have reason to know.' Why would you object? If you can give me a basis, I can consider it. That would be under number 10 and number 16.

"[Defense counsel]: Yes. We believe that the language is vague since it's hard to have a reason to know.

"THE COURT: Well, it's saying if you have a reason to know. So, that means if there's something that says to you that it's reasonable that you know someone is either using narcotics or you have a reason to believe or know that someone is on probation or parole, then that's when it would be a violation of probation. If you don't have a reason to know and you come to court and say, I didn't know the person is on probation, you had no reason to know.

"I can add 'reasonably should know,' which is probably a stricter language and the Sixth District Court of Appeal have approved 'have reason to know or reasonably should know.' We can add that. Maybe that's clearer that he 'reasonably should know or does know.'

"All it is is just a knowledge requirement. You can't violate your probation unless there's some sort of knowledge or you reasonably should know that your conduct is in violation of your probation."

At the hearing, the court stated the 10th condition as "not traffic in or associate with persons you know are trafficking in narcotics or other controlled substances, or you reasonably should know or have reason to know are using narcotics or trafficking in narcotics or other controlled substances," and the 16th condition as "You're not to

3

associate with any individuals you know or you have reason to know or reasonably should know and are told by the probation officer - or told by the probation officer to be drug users or on any form of probation or parole supervision."[2]

Assisted by an interpreter, defendant again said he understood and accepted all probation conditions.

### III. SCOPE AND STANDARD OF REVIEW

Defendant's sole contention on appeal is that two of his probation conditions are unconstitutionally vague. He does not contend that they are unreasonable or unconstitutionally overbroad. There is no question of forfeiture as he made this objection in the trial court.

It is well-established that a "probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness . . . ." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)

If the vagueness of a probation condition may be corrected "without reference to the particular sentencing record developed in the trial court" (*Sheena K.*, *supra*, at p. 887), an issue of law arises subject to de novo review on appeal. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

---

**[2]** We note that the trial court alternatively used the phrases "reasonably should know" and "has reason to know." Our analysis applies equally to both expressions of constructive knowledge.

# IV. ANALYSIS

## A. *SHEENA K.* AND ACTUAL KNOWLEDGE LANGUAGE

Defendant cites *Sheena K., supra*, 40 Cal.4th 875 for the proposition that "a condition that prohibits certain conduct must contain an *actual knowledge* requirement." We read that opinion differently, as we shall explain.

At issue in that case was a condition prohibiting "association with 'anyone disapproved of by probation . . . .'" (*Sheena K.*, *supra*, at p. 889.) First, the court held probation conditions to the due process requirements of penal statutes. "As we have explained on other occasions, the underpinning of a vagueness challenge is the due process concept of 'fair warning.' (*People v. Castenada* (2000) 23 Cal.4th 743, 751.) The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' (*ibid.*), protections that are 'embodied in the due process clauses of the federal and California Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' (*Ibid.*) The vagueness doctrine ' "bars enforcement of 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " [Citations.]' (*People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115 (*Acuna*).) A vague law 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' (*Id.* at p. 1116.)" (*Sheena K.*, s*upra*, 40 Cal.4th at p. 890.)

Next, applying these general principles to the condition in question, the Supreme Court found that without an express knowledge element, the condition was unconstitutionally vague because it "did not notify defendant in advance with whom she might not associate through any reference to persons whom defendant knew to be

5

disapproved of by her probation officer." (*Sheena K.*, *supra*, at pp. 891-892.) The court noted that there were no "additional oral or written comments" by the trial court clarifying what knowledge was required. (*Id.* at p. 891.)

The court went on to state: "Additionally, we agree with the Court of Appeal that modification to impose an explicit knowledge requirement is necessary to render the condition constitutional. (See, e.g., [*In re*] *Justin S.* [(2001)] 93 Cal.App.4th [811] at p. 816 [probation condition modified to forbid the minor's association '"with any person known to you to be a gang member"']; *People v. Lopez* [(1998)] 66 Cal.App.4th [615] at p. 629, fn. 5 [condition of probation modified to prohibit defendant from associating '"with any person known to defendant to be a gang member"']; *People v. Garcia* (1993) 19 Cal.App.4th 97, 103 [condition of probation modified to provide that the defendant 'is not to associate with persons he knows to be users or sellers of narcotics, felons, or ex-felons'].)" (*Sheena K.*, *supra*, 40 Cal.4th at p. 892.)[3]

The intermediate court in *Sheena K.* had "modified the dispositional order to require that defendant refrain from associating with anyone whom *she knew* was disapproved of by her probation officer . . . ." (*Sheena K.*, *supra*, at p. 880.) The Supreme Court explained that this modification was consistent with its opinion in *Acuna*, *supra*, 14 Cal.4th 1090 involving an anti-gang injunction. (*Sheena K.*, *supra*, at p. 892.) The court in *Acuna* had "advised that in order to enforce the injunction, the local entity 'would have to establish a defendant's *own knowledge* of his associate's gang membership to meet its burden of proving conduct in violation of the injunction.' (*Id.* at p. 1117.) We suggested that the element of a defendant's knowledge fairly was implied

---

[3] It is notable that in *Sheena K.* the Supreme Court was not required to craft a constitutional modification to the challenged condition because the probationer had died pending the appeal. (*Sheena K.*, *supra*, 40 Cal.4th 875, 879.) Despite the appeal's mootness, the court reached the issues to resolve a conflict in authority. (*Ibid.*)

in the injunction, and if any attempt were made to enforce that provision, the trial court could limit its construction by *inserting a knowledge requirement.*" (*Sheena K.*, *supra*, at p. 892.) The Supreme Court suggested "that form probation orders be modified so that such a restriction explicitly directs the probationer not to associate with anyone 'known to be disapproved of' by a probation officer or other person having authority over the minor," in order to forestall future claims identical to the one before the court. (*Ibid.*)

We understand *Sheena K.* to have affirmatively answered two questions: should the probation condition be interpreted to require knowledge and should the knowledge element be explicit? The court did not discuss whether the required knowledge must be actual or could be constructive. As that separate issue was not decided in *Sheena K.*, we do not interpret the court's implicit approval of adding actual knowledge as precluding probation conditions which reference constructive knowledge.

**B. CONSTRUCTIVE KNOWLEDGE LANGUAGE**

Opinions after *Sheena K.* have cured vagueness by adding an express constructive knowledge element. In *People v. Turner* (2007) 155 Cal.App.4th 1432, the court reasoned that "[a] person may reasonably not know whether he or she is associating with someone under the age of 18. Fair notice, as described in *Sheena K.,* is not possible unless the probation condition is modified to require that defendant must either know or reasonably should know that persons are under 18 before he is prohibited from associating with them." (*Id.* at p. 1436.) The court modified the association condition accordingly. (*Id.* at pp. 1436-1437.)

In *People v. Moses* (2011) 199 Cal.App.4th 374 (*Moses*), the court modified six different conditions to include both actual and constructive knowledge requirements. One of the conditions modified is quite close to the conditions challenged here, " 'You are not to associate with persons you know or reasonably should know to be parolees,

7

convicted felons, users or sellers of illegal drugs, or otherwise disapproved by the probation officer.'" (*Id.* at p. 382.)

## C. PENAL STATUTES AND CONSTRUCTIVE KNOWLEDGE

The California Legislature has employed the "reasonably should know" standard in defining a variety of criminal offenses. When a person commits an assault by weapon "upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties," the resulting sentence is greater depending on the type of weapon used. (§ 245, subds. (c), (d); cf. §§ 241.1, 245.3 [when person "reasonably should know that the victim is a custodial officer"].) This is also true of battery. (§ 243, subd. (b).) Sentences of death or life without parole may be justified by the special circumstance of the murder victim being either a peace officer, federal law enforcement office, or firefighter when the victim was intentionally killed by someone who "knew, or reasonably should have known" that the victim was performing his duties. (§ 190.2, subd. (a) (7), (8), (9).)

School employees and school board members have similar protection against assaults by weapon (§ 245.5), unarmed assaults (§ 241.6), and batteries (§ 243.6), as do highway workers (§ 243.65) and sports officials (§ 243.8).

It is a crime for a person, whether or not a caretaker, "who knows or reasonably should know that a person is an elder or dependent adult" to willfully cause or permit the elder or dependent adult to suffer. (§ 368, subd. (b)(1), (c); Welf. & Inst. Code, § 15656, subds. (a), (b).)

One form of rape involves the victim being drugged into acquiescence when "this condition was known, or reasonably should have been known by the accused." (§ 261, subd. (a)(3).) The phrase "reasonably should know" is employed in a variety of statutes too numerous to compile here. (E.g., Health & Saf. Code, § 11364.7 [delivering,

furnishing, or transferring drug paraphernalia]; § 25200 [storing a firearm that a child carries off-premises].)

Of course, the Legislature's repeated use of the phrase does not establish its constitutionality. But a due process challenge to one of these statutes was rejected in *People v. Mathews* (1994) 25 Cal.App.4th 89 (*Mathews*). The defendant in that case was convicted of drawing or exhibiting a firearm in a rude, angry, or threatening manner in the immediate presence of a peace officer by a person "who knows, or reasonably should know, that the victim is a peace officer engaged in the performance of his or her duties." (§ 417, subd. (c).) The court concluded that "[c]ulpability based on the 'should have known' constructive knowledge standard is not vague or overbroad." (*Mathews*, *supra*, at p. 98.)

Defendant cites *In re Jorge M.* (2000) 23 Cal.4th 866 (*Jorge M.*) as an example of a criminal statute that "permissibly included a 'reasonable knowledge' element." The Assault Weapons Control Act (since recodified) at issue in that case had no express knowledge requirement, so the first question for the Supreme Court was whether the statute had any implicit scienter requirement or instead described public welfare offenses involving no mens rea. After concluding that a scienter requirement was implicit, the court considered the next question of the nature of the implied mental element.

Acknowledging the problem of establishing what a person actually knows, the court stated, "An actual knowledge element has significant potential to impair effective enforcement." (*Jorge M.*, *supra*, 23 Cal.4th at p. 884.) "A scienter requirement satisfied by proof the defendant *should* have known the characteristics of the weapon bringing it within the AWCA, however, would have little or no potential to impede effective enforcement." (*Id.* at p. 885.) The court determined that proving a violation of the Assault Weapons Control Act required showing "that a defendant charged with possessing an unregistered assault weapon *knew or reasonably should have known* the characteristics of the weapon bringing it within the registration requirements of the

9

AWCA." (*Id.* at pp. 869-870.) The court indicated that this lesser mental element was constitutional. "That a criminal statute contains one or more ambiguities requiring interpretation does not make the statute unconstitutionally vague on its face [citation], nor does it imply the statute cannot, in general, be fairly applied without proving knowledge of its terms." (*Id.* at p. 886.) Acknowledging that its " 'reasonably should have known' formulation departs somewhat from the usual description of criminal negligence" (*id.* at p. 887, fn. 11), the court asserted that its formulation of the scienter element "is sufficient to protect against any significant possibility of punishing innocent possession." (*Id.* at p. 886.)

The constitutionality of the newly described mental element was not before the Supreme Court in *Jorge M.*, but the court addressed the topic in dictum. The thoughtful dictum and the holding of *Mathews* establish that there is nothing unconstitutionally vague about a penal statute including a constructive knowledge element. After all, this formulation is similar to the familiar reasonable person standard. (Cf. *People v. Valdez* (2002) 27 Cal.4th 778, 783 [criminal negligence standard for willful child abuse under § 273a involves an objective test based on a reasonable person's awareness of the risk]; *People v. Beltran* (2013) 56 Cal.4th 935, 942, 949 [heat of passion that reduces murder to manslaughter is what would cause an ordinary reasonable person to act without deliberation].)

Defendant recognizes the authority of *Jorge M.* and *Mathews*, but argues essentially that probationers are entitled to greater clarity in probation conditions than the general public is in penal statutes, stating: "A probationer stands in a different position than an ordinary citizen. Unlike most citizens, a probationer is subject to the supervision of a governmental official (i.e. a probation officer). In order to successfully complete the rehabilitative process provided by a grant of probation, it is essential that a probationer be provided with adequate and precise guidance as to the prohibitions which are attendant to

10

the probationary process. (*In re Sheena K.*, *supra*, 40 Cal.4th 875, 890.) For this reason, an actual knowledge standard is required. (*Id*. at p. 891.)"

We agree with defendant that probation conditions, including those restricting noncriminal behavior, must provide adequate guidance to probationers. Particularly when the behavior is otherwise constitutionally protected, the elements of a violation must be sufficiently precise for the probationer to know what is required of him or her, and for the court to determine whether the condition has been violated.

Defendant suggests that an objective reasonable person standard is appropriate only when "it would essentially be impossible for an observer not to know the status of the person in question" and that the Legislature has carefully limited its use in this way. However, as our discussion of various statutes indicates, the Legislature has extended its reach to individuals whose status may not be readily apparent, such as dependent adults, non-sworn employees of probation departments, and school employees.

Holding a probationer to the standard of a reasonable person should promote his or her rehabilitation, not subvert it. A probationer should be encouraged to be aware of the status of acquaintances and to actively avoid potentially dangerous companions. Willful ignorance of warning signs should not be rewarded by the conclusion that a probation condition was not violated because the probationer did not actually, subjectively recognize a companion's symptoms of drug use.

Some of the commentary to the Model Penal Code's discussion of the justification for criminal liability based on criminal negligence is apt here. Holding a probationer to the standard of a reasonable person supplies "'an additional motive to take care before acting, to use their faculties and draw on their experience in gauging the potentialities of contemplated conduct. To some extent, at least, this motive may promote awareness and thus be effective as a measure of control. . . .' (Model Pen. Code, § 2.02, com. at p. 243.)" (*People v. Rodriguez* (1986) 42 Cal.3d 730, 781.)

11

We foresee no difficulty either with a probationer understanding what is required by such a condition or with a court determining whether such a condition has been violated. It may in fact be easier to establish what a probationer reasonably should know than to delve into the epistemological depths of what the probationer actually knows. We conclude that the challenged probation conditions are not unconstitutionally vague.

## D. *PEOPLE V. GABRIEL*

Defendant asserts that this court's decision in *People v. Gabriel* (2010) 189 Cal.App.4th 1070 (*Gabriel*) supports an actual knowledge requirement. Gabriel challenged as vague a probation condition requiring that he " '[n]ot associate with any individuals you know or suspect to be gang members, drugs users, or on any form of probation or parole supervision.' " (*Id.* at p. 1073.)

*Gabriel* reasoned: "To 'suspect' is 'to imagine (one) to be guilty or culpable on slight evidence or without proof' or 'to imagine to exist or be true, likely, or probable.' (Merriam-Webster's Collegiate Dict. (10th ed.1999) p. 1187 (*Webster's* ).) To 'imagine' is 'to form a notion of without sufficient basis.' (*Webster's,* at p. 578.) Given this lack of specificity, the word 'suspect' fails to provide defendant with adequate notice of what is expected of him when he lacks actual knowledge that a person is a gang member, drug user, or on probation or parole. Moreover, inclusion of this word renders the condition insufficiently precise for a court to determine whether a violation has occurred. Accordingly, this condition must also be modified to delete the word 'suspect.' " (*Gabriel*, *supra*, at p. 1073.)

The probation condition in *Gabriel* did not expressly require the probationer to have a reasonable suspicion of his companion's status. "Reasonable suspicion" is a familiar concept in the law of search and seizure that involves an objective standard. (E.g., *U.S. v. Sokolow* (1989) 490 U.S. 1, 7-8; *People v. Wells* (2006) 38 Cal.4th 1078, 1083.)

12

*Gabriel* determined that a mental element based on the probationer's subjective suspicion would create enforcement problems. It did not discuss or determine whether other mental elements such as constructive knowledge would be impermissibly vague. We find no inconsistency between *Gabriel* and our conclusion that "reasonably should know" is not unconstitutionally vague as used in the challenged conditions.

## V. DISPOSITION

The order granting probation is affirmed.


_____

Grover, J.



**WE CONCUR:**



_____

Premo, Acting P.J.



_____

Mihara, J.

13

| Trial Court: | Monterey County Superior Court, Case No.: SS120588 |
|---|---|
| Trial Judge: | Hon. Marla O. Anderson, Judge. |
| Attorneys for Plaintiff/Respondent:<br><br>The People | Kamala D. Harris<br>  Attorney General of California<br><br>Dane R. Gillette<br>  Chief Assistant Attorney General<br><br>Gerald A. Engler<br>  Senior Assistant Attorney General<br><br>Laurence K. Sullivan<br>  Supervising Deputy Attorney General<br><br>Rene A. Chacon<br>  Supervising Deputy Attorney General |
| Attorneys for Defendant/Appellant:<br><br>Jaime Mata Mendez | William M. Robinson<br>  Assistant Director, Sixth District<br>Appellate Program |

*People v. Mendez*
H038616