Filed: 1/22/14  P. v. Roberts CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN MELL ROBERTS,<br><br>　　　Defendant and Appellant. | H039597<br>(Santa Clara County<br>Super. Ct. No. B1261312) |

Here we modify a probation condition that the Attorney General concedes is constitutionally deficient.

Pursuant to a plea agreement, imposition of sentence was suspended and defendant Jonathan Roberts was placed on felony probation after pleading no contest to bringing onto the Stanford University campus a folding knife with a three-inch blade and two knives with fixed seven- and eight-inch blades.  (Pen. Code, § 626.10, subd. (b).)  He also pleaded no contest to a misdemeanor for loitering on the grounds of a pre-school after being asked to leave.  (Pen. Code, § 653b.)

The probation report noted that defendant has a history of mental illness for which he was taking prescription medications.  At sentencing, the court orally imposed the following probation condition, among others:  "The defendant is not to own, possess or consume any alcohol or illegal substances or knowingly be anywhere where alcohol is a

primary item of sale or illegal controlled substances are known by him to be used or sold."[1]  Another condition is that defendant cooperate with psychological and psychiatric counseling and treatment.  When asked if he understood and accepted the terms and conditions of probation, defendant said, "I understand it.  I don't agree with all of it, but, yes, sir, I will comply."

Defendant filed a notice of appeal without obtaining a certificate of probable cause.  He contends that the prohibition against owning, possessing, or consuming alcohol and illegal substances requires an express scienter element to avoid being unconstitutionally vague and overbroad.  The Attorney General concedes that the first half of the condition should be modified as proposed by defendant to state in pertinent part, "The defendant is not to knowingly own, possess, or consume alcohol or illegal substances."  We note that neither the trial court's condition nor the parties' proposed modification would allow defendant to take already prescribed medications or future prescriptions as part of his required psychiatric treatment.

We will order the condition modified to add a scienter requirement consistent with the reasoning of two recent decisions by this court without repeating their reasoning here. (*People v Mendez* (2013) 221 Cal.App.4th 1167; *People v. Rodriguez* (2013) 222 Cal.App.4th 578.)  We will also order modification to permit possession and consumption of defendant's prescribed medications.

---

[1]  There is no minute order reciting the oral order.  The oral order appears to be based on two conditions recommended in the probation report.  "7.  The defendant shall not possess or consume alcohol or illegal substances or knowingly go to places where alcohol is the primary item of sale.  [¶]  8.  The defendant is not to possess or use illegal drugs or illegal controlled substances or go anywhere he/she knows illegal drugs or nonprescribed controlled substances are used or sold."

## DISPOSITION

The order of probation is modified to provide in pertinent part: "The defendant is not to own, possess, or consume what he knows or reasonably should know is alcohol or an illegal controlled substance without a prescription." (The remainder of the challenged condition requires no modification.) As so modified, the judgment is affirmed.

_____
Grover, J.

**WE CONCUR:**


_____
Elia, Acting P.J.


_____
Mihara, J.

3