Filed 2/27/14  In re S.T. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re S.T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  S.T.,  Defendant and Appellant. | E058869  (Super.Ct.No. RIJ1300163)  OPINION |

APPEAL from the Superior Court of Riverside County.  Roger A. Luebs, Judge. Affirmed in part; reversed in part and remanded.

Nancy S. Brandt, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Marissa Bejarano, Deputy Attorneys General, for Plaintiff and Respondent.

1

Minor S.T. admitted she committed second degree burglary (Pen. Code,[1] § 459) and used force on a peace officer (§ 243, subd. (b)). The juvenile court declared minor to be a ward of the court, and placed her in the custody of the probation department with various probation terms and conditions. In this appeal, minor contends a condition of her probation that prohibits her from having "negative contact" with her older sister is unconstitutionally vague and infringes on her First Amendment right of association. Minor also challenges, on constitutional vagueness and overbreadth grounds, two probation conditions that prohibit her from wearing or displaying clothing or symbols she knows to be "related to a criminal street gang," and prohibit her from posting, displaying, or transmitting by any cell phone or electronic device any symbols or information she knows to be "related to a criminal street gang."

The People concede that the challenged no "negative contact" probation condition is unconstitutionally vague, but contend the condition, after proper modification, will not unduly infringe on minor's rights of association. The People argue the two gang-related probation conditions pass constitutional muster because they include a requirement that minor know of or be informed by her probation officer of what constitutes prohibited gang-related conduct, and that the conditions are narrowly tailored.

---

[1] All further undesignated statutory references are to the Penal Code.

We conclude the prohibition on minor having no "negative contact" with her sister is unconstitutionally vague, and order the juvenile court to modify it. As modified, we conclude that condition is otherwise constitutionally sound. We also conclude the gang-related probation conditions are not constitutionally vague or overly broad. Therefore, we reverse the judgment in part and remand for appropriate modifications to the terms of minor's probation.

I.

FACTS AND PROCEDURAL BACKGROUND[2]

On January 14, 2013, police responded to a department store in Riverside to investigate a report of two Black males and two Black females stealing merchandise. Witnesses told the police that four suspects—later identified as T.M., Q.P., minor, and minor's sister, S.P.—ran out the front door of the store with their arms full of merchandise. The store's manager ran after the suspects and tried to stop them from fleeing with the merchandise. The manager tried to knock clothing out of T.M.'s hands, but T.M. hit her in the chest with his elbow and raised his fist as if he were going to punch the manager. When a witness ran to the manager's assistance and distracted T.M., the manager grabbed clothing from the backseat of the suspect's vehicle and saw minor seated in the vehicle. That witness, as well as another witness both tried to stop T.M. from fleeing, but he pushed them to the ground. The suspects then fled.

---

[2] We take our background facts from the two detention hearing reports prepared by the probation department, to which the parties stipulated as a factual basis for minor's admissions.

3

The People filed a petition under Welfare and Institutions Code section 602, alleging that minor committed robbery (§ 211), second degree burglary (§ 459), and three counts of battery (§ 242). Minor admitted to committing second degree burglary, and the juvenile court dismissed the remaining allegations. The court set a dispositional hearing and released minor into the custody of her mother.

When minor failed to appear for the dispositional hearing, the juvenile court issued a bench warrant for minor's arrest. A deputy sheriff went to minor's home to arrest her, but when the deputy arrived, minor's mother told him she believed minor had just fled on foot and that minor might have gone to a friend's house. As the deputy drove around looking for minor, he saw minor's sister pointing toward a young female running down the street. The deputy drove up to the female and saw that it was minor. Minor ignored the deputy's directives to stop running away, and the officer was forced to park his vehicle and chase her on foot. The deputy caught up to minor and walked her back to his patrol vehicle. As they reached the vehicle, minor's mother met them and gave minor some water to drink. The deputy let minor drink the water, but she turned around and spat it in his face. As the deputy tried to handcuff minor and place her in the backseat of the patrol vehicle, minor resisted and kicked the deputy in his legs, torso, and knee, and spat at him again. When the deputy was finally able to push minor into the backseat, minor yelled at the deputy and threatened to have gang member friends "take care of him."

The People filed a new petition alleging minor willfully and unlawfully used force against a peace officer. (§ 243, subd. (b).) In its recommended disposition for both petitions, the probation department recommended the court impose three gang-related conditions of probation and various no contact conditions. Relevant here, condition "t" would prohibit minor from wearing, displaying, or possessing symbols, clothing, or paraphernalia she knows, or is made known by her probation officer, "to be related to a 'criminal street gang'" as defined in section 186.22, subdivision (f). Under condition "u," minor would be prohibited from posting, displaying, or transmitting by any cell phone or electronic device any symbols or information that minor knows, or is made known by her probation officer, "to be related to a 'criminal street gang'" as defined in section 186.22, subdivision (f). And pertinent here, condition "w" prohibited minor from associating with or having "any negative contact" with her sister, a coparticipant in the burglary.

At the detention hearing on minor's new petition, minor admitted the allegation that she used force on a peace officer. (§ 243, subd. (b).) Minor's counsel objected to the three gang-related probation conditions because, other than statements to the probation department by minor's mother, there was no evidence that minor was a member of a gang or that she associated with gang members. Counsel did not object to a general prohibition on associating with known gang members who are not also family members. The People responded that the gang conditions were appropriate because, when minor threatened the deputy during her arrest, she admitted to associating with gang members and purported to have the ability to have gang members to do her bidding.

5

The probation officer related to the court that, when minor's mother was interviewed and tried to talk about minor's suspected gang associations, minor tried to prevent her mother from speaking and had to be removed from the room. Finally, the probation officer's detention hearing report informed the court that minor's sister admitted to associating with members of the Edgemont Criminals and Dorner Blocc gangs.

The juvenile court noted that minor was clearly associating with the gang lifestyle, which was contributing to her delinquency. The court declared minor to be a ward of the court, and placed her in the custody of the probation department under the conditions of probation just discussed.

## II.

## DISCUSSION

## A.

## PROBATION CONDITION "W" IS VAGUE AND MUST BE MODIFIED, BUT DOES NOT UNDULY INFRINGE ON MINOR'S RIGHTS OF ASSOCIATION

### i.    Vagueness

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. (U.S. Const., Amends. V, XIV; Cal. Const., art. I, § 7).' [Citation.]" (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for

6

the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.]" (*Ibid*.)

Generally, a juvenile court's discretion to impose conditions of probation is subject to deferential review and will only be reversed on a showing of manifest abuse of discretion. (*In re Ramon M*. (2009) 178 Cal.App.4th 665, 676.) However, "[i]f the vagueness of a probation condition may be corrected 'without reference to the particular sentencing record developed in the trial court' [citation], an issue of law arises subject to de novo review on appeal. [Citation.]" (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172.)

Minor contends, and the People concede, that probation condition "w," which prohibits minor from having "negative contact" with her sister, is constitutionally vague. We agree. The term "negative contact" is indefinite and does not provide minor with notice of what types of contact with her sister are permissible and what are impermissible. Moreover, "negative contact" is open to broad interpretation and provides no guidance to law enforcement, the probation department, or the juvenile court, and is therefore susceptible to arbitrary enforcement. Because probation conditions must be tailored to the specific needs for the rehabilitation of a juvenile offender (see Welf. & Inst. Code, §730, subd. (b)), we therefore remand to the juvenile court to more narrowly define what types of contact with minor's sister are likely to contribute to minor's delinquency and should be prohibited.

7

ii.     Right of Association

"An adult probation condition is unreasonable if 'it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]'  [Citations.]  In addition, an adult probation condition is overbroad if it unduly restricts the exercise of a constitutional right.  '[C]onditions of probation that impinge on constitutional rights must be tailored carefully and "reasonably related to the compelling state interest in reformation and rehabilitation . . . ." [Citation.]' [Citations.]"  (*In re Byron B.* (2004) 119 Cal.App.4th 1013, 1016 [Fourth Dist., Div. Two].)

"However, '[t]he juvenile court's broad discretion to fashion appropriate conditions of probation is distinguishable from that exercised by an adult court when sentencing an adult offender to probation.  Although the goal of both types of probation is the rehabilitation of the offender, "[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation." [Citation.]  . . .  [¶] In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court. [Citations.]  "'Even conditions which infringe on constitutional rights may not be invalid if tailored specifically to meet the needs of the juvenile [citation].'"  [Citations.]' [Citations.]"  (*In re Byron B.*, *supra*, 119 Cal.App.4th at p. 1016.)

Minor contends that condition "w" also unconstitutionally infringes upon her right to associate with her sister, which is a "critically important" relationship to her. But, as minor seems to concede in her reply brief, this condition does not prohibit *all* contact with minor's sister, and the juvenile court has the discretion to limit contact with persons—even family members—who might contribute to the delinquency of the minor. (*In re Byron B.*, *supra*, 119 Cal.App.4th at p. 1018.) After proper modification on remand, this condition should be sufficiently tailored to minor's needs because it will only prohibit well-defined contact with minor's sister that is likely to interfere with her rehabilitation. Finally, the juvenile court should consider, as suggested by minor, further modifying the probation condition to provide that minor's contact with her sister be supervised by a responsible adult.

B.

THE GANG-RELATED CONDITIONS OF MINOR'S PROBATION ARE NOT CONSTITUTIONALLY VAGUE OR OVERLY BROAD

i. <u>Vagueness</u>

Minor also challenges as vague probation conditions "t" and "u," which prohibits her from engaging in certain conduct that she knows or is informed by the probation officer "to be related to a 'criminal street gang'" as defined in section 186.22, subdivision (f). According to minor, these conditions are vague because they do not specifically name a gang or gangs whose symbols and clothing she must avoid. Minor contends that theoretically she must avoid wearing clothing or colors, and avoid

9

displaying or transmitting symbols, used by criminal street gangs anywhere in the United States to avoid violating these conditions.

We are not persuaded. True, conditions "t" and "u" do not name specific criminal street gangs operating in Moreno Valley (where minor lives) or in surrounding locales that minor must steer clear of. This is because, notwithstanding her threat to the deputy, the record contains no evidence of specific gangs with which she associates. Rather, the record supports the juvenile court's finding that minor associates with a "gang lifestyle," and that she is at risk of falling further into that lifestyle if she associates with gang members. Thus, prohibiting minor from possessing gang clothing or accoutrements, and from displaying and sending gang symbols and information, is rationally related to her rehabilitation.

Moreover, as the People contend, conditions "t" and "u" are not vague because they require minor to actually know or be made aware by the probation department that the clothing or symbols she wears or possesses, or the information she transmits by any cell phone or electronic device, is related to a criminal street gang as defined in section 186.22, subdivision (f). By requiring that minor know or be expressly informed that a particular article of clothing or symbol is related to a specific criminal street gang, as defined by statute, minor is not left in the dark of what conduct is prohibited, and these conditions are not constitutionally vague. (See *In re H.C.* (2009) 175 Cal.App.4th 1067, 1071-1072.)

10

ii.     Overbreadth

"A [probation] restriction is unconstitutionally overbroad . . . if it (1) 'impinge[s] on constitutional rights,' and (2) is not 'tailored carefully and reasonably related to the compelling state interest in reformation and rehabilitation.' [Citations.] The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

In a related argument, minor contends conditions "t" and "u" are overly broad because they potentially prohibit minor from engaging in activity that is related to a criminal street gang located far away, including in other states. For the same reasons stated above, we disagree. These conditions only limit minor's freedoms to the extent she knows or is expressly informed that the clothing or symbols she wears, displays, or possesses, and the symbols and information she transmits or displays on her cell phone or other electronic devices relate to a criminal street gang as defined by statute. Minor is not required, as suggested in her briefs, to learn about the clothing, symbols, and information used by gangs everywhere to avoid violating these conditions of probation. In any event, on remand, the juvenile court might consider more narrowly tailoring these terms to either name the gangs at issue or to include some geographic limit on the reach of these terms.

11

## III.

## DISPOSITION

The judgment is reversed in part and the cause is remanded to the juvenile court to modify probation condition "w" to more specifically define what types of contact between minor and her sister, S.P., are prohibited, and to consider further modifying that term to require that contact between minor and her sister be supervised by a responsible adult.

The court should also consider, in its discretion, modifying probation conditions "t" and "u" to either include the name of the gang or gangs whose symbols, clothing, and information minor may not wear, display, possesses, or transmit electronically, or to limit the geographic reach of those conditions. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                         J.

We concur:


HOLLENHORST
          Acting P. J.


CODRINGTON
          J.