Filed 6/4/14  In re R.M. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re R.M., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>R.M.,<br><br>     Defendant and Appellant. | A139799, A140955<br><br>(Contra Costa County<br>Super. Ct. No. J1300854) |

**MEMORANDUM OPINION**[1]

On August 8, 2013, minor R.M. admitted the allegations of a wardship petition charging him with felony possession of stolen property under Penal Code section 496, subdivision (a).[2]  After a dispositional hearing, the court, in an order dated September 6, 2013, declared the minor a ward of the court, committed him to a youth rehabilitation

---

[1]  This matter is properly disposed of by memorandum opinion pursuant to California Standards of Judicial Administration, Standard 8.1.

[2]  All further statutory references are to the Penal Code.

1

facility for six months, and, among various other orders, imposed the following probation conditions:  the minor was not to "use or possess any weapons or burglary tools."**³**

When the minor's misconduct at the youth rehabilitation facility resulted in a probation violation, the court, on January 27, 2014, entered a second dispositional order, stating its intention that "[p]rior orders of September 6th to remain in effect, except as modified herein."**⁴**

The minor timely appealed both dispositional orders.

On appeal, the minor challenges the orders only insofar as they impose the "weapons" and "burglary tools" probation conditions.  He contends those conditions are unconstitutionally vague and overbroad because they lack specificity and a knowledge requirement.  He requests the conditions be struck or modified.

As both appeals raise identical issues, we granted consolidation and resolve the appeals together.

Due process and the rule of fair warning bar enforcement of a probation condition so vague that people " ' "of common intelligence must necessarily guess at its meaning and differ as to its application." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  Such a condition " 'not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Ibid.*)  Further, "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Ibid.*)

---

**³** To order these conditions, the court checked boxes on a pre-printed dispositional order form.  These conditions, then, were part of the juvenile court's standard menu of probation conditions.

**⁴** In the January 2014 order, the check boxes for the "weapons" and "burglary tools" probation conditions were left unmarked.  The minor and the Attorney General presume both conditions, which were prior orders of the court, survive in the January 2014 order.  We shall make the same presumption.

The minor's failure to raise his various constitutional objections below does not result in forfeiture.  (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.)  Our review is de novo.  (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172.)

As to the burglary tools condition, the minor suggests modifying it to read:  the minor "may not possess burglar tools, as defined in Penal Code section 466."  Section 466 defines burglary tools and prohibits their possession.[5]  The attorney general does not oppose "modifying the condition to proscribe possessing burglary tools 'as defined by Penal Code section 466.' "  Accordingly, we shall order this modification.

Similarly, as to the weapons condition, the minor suggests modifying it to prohibit "possessing deadly or dangerous weapons."  The Attorney General again concurs in the modification, which uses language approved by other appellate courts.  (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1186.)  Accordingly, we shall order this modification as well.

---

[5]  Section 466 states:  "Every person having upon him or her in his or her possession a picklock, crow, keybit, crowbar, screwdriver, vise grip pliers, water-pump pliers, slidehammer, slim jim, tension bar, lock pick gun, tubular lock pick, bump key, floor-safe door puller, master key, ceramic or porcelain spark plug chips or pieces, or other instrument or tool with intent feloniously to break or enter into any building, railroad car, aircraft, or vessel, trailer coach, or vehicle as defined in the Vehicle Code, or who shall knowingly make or alter, or shall attempt to make or alter, any key or other instrument named above so that the same will fit or open the lock of a building, railroad car, aircraft, vessel, trailer coach, or vehicle as defined in the Vehicle Code, without being requested to do so by some person having the right to open the same, or who shall make, alter, or repair any instrument or thing, knowing or having reason to believe that it is intended to be used in committing a misdemeanor or felony, is guilty of a misdemeanor.  Any of the structures mentioned in Section 459 shall be deemed to be a building within the meaning of this section."  (§ 466.)

The dispositional orders are affirmed, except the probation conditions at issue set forth in the September 2013 order shall be modified to read the minor shall "not use/possess deadly or dangerous weapons," or "burglary tools as defined in Penal Code section 466."

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Dondero, J.

4