Filed 11/17/14  P. v. Ramirez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>EVARADO CORTEZ RAMIREZ,<br><br>Defendant and Appellant. | H040728<br>(Santa Clara County<br>Super. Ct. Nos. CC776155, CC513156) |

## I.  INTRODUCTION

In case No. CC513156, defendant pleaded guilty in 2006 to possession of cocaine (Health & Saf. Code, § 11350, subd. (a)), misdemeanor providing a false name to a peace officer (Pen. Code, § 148.9), and misdemeanor public intoxication (Pen. Code, § 647, subd. (f)).  Defendant also admitted that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).  The trial court suspended imposition of sentence and placed defendant on probation with various terms and conditions.  Defendant's probation was revoked in 2008 and a bench warrant was issued.  He was arrested in December 2013.

In case No. CC776155, defendant pleaded no contest in 2014 to driving with a blood alcohol level of 0.08 percent or more with one prior conviction (Veh. Code, §§ 23152, subd. (b), 23550.5, subd. (a))[1] and misdemeanor hit and run (§ 20002,

---

[1] All further statutory references are to the Vehicle Code unless otherwise indicated.

subd. (a)).  Defendant also admitted that his blood alcohol level was 0.15 percent or more (§ 23578), and that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)).

On February 19, 2014, in the case involving Vehicle Code violations (No. CC776155), defendant was placed on probation with various terms and conditions, including that he not possess or consume alcohol.  That same day, the court reinstated and terminated probation in the cocaine possession case (No. CC513156).

On appeal, defendant does not raise any issues in the cocaine possession case (No. CC513156).  In the case involving Vehicle Code violations (No. CC776155), defendant contends that the probation condition prohibiting possession of alcohol is unconstitutionally vague and overbroad.

For reasons that we will explain, we will modify the judgment relating to the ordered condition of probation and, after correcting a clerical error, we will affirm the judgment as modified.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

In August 2007, defendant was charged by complaint with driving under the influence of alcohol and drugs with one prior conviction (§§ 23152, former subd. (a), 23550.5, subd. (a); count 1), driving with a blood alcohol level of 0.08 percent or more with one prior conviction (§§ 23152, subd. (b), 23550.5, subd. (a); count 2), and misdemeanor hit and run driving causing property damage (§ 20002, subd. (a); count 3). It was further alleged that he had served a prior prison term (Pen. Code, § 667.5, subd. (b)), and as to counts 1 and 2 that his blood alcohol level was 0.15 percent or more (§ 23578).

Defendant was released to immigration authorities in October 2007.  He was arrested on a bench warrant in December 2013.

In January 2014, based on the trial court's indicated sentence of one year in county jail, defendant pleaded no contest to count 2 (driving with a blood alcohol level of 0.08 percent or more with a prior conviction) and count 3 (misdemeanor hit and run).  He

2

also admitted the allegation of a blood alcohol level of 0.15 percent or more as to count 2, and that he had served a prior prison term.  The remaining count was submitted for dismissal at the time of sentencing.

On February 19, 2014, the trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including that he serve one year in county jail and that he not possess or consume alcohol.  The remaining count was dismissed.  The court imposed various fines and fees, including an $80 court security fee (now known as the court operations assessment) pursuant to Penal Code section 1465.8.[2]

### III.  DISCUSSION

One of defendant's probation conditions provides:  "You shall not possess or consume alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale."  On appeal, defendant contends the probation condition is unconstitutionally vague and overbroad because it does not include a knowledge element regarding the possession or consumption of alcohol.

The Attorney General concedes that the probation condition should be modified to include a knowledge element.  The Attorney General argues that the knowledge element should include actual and constructive knowledge.

In *People v. Rodriguez* (2013) 222 Cal.App.4th 578, this court agreed that a knowledge element should be added to a similar condition concerning alcohol and controlled substances.  This court noted that to the extent the probation condition reinforced the defendant's "obligations under the California Uniform Controlled Substances Act, the same knowledge element which has been found to be implicit in those statutes is reasonably implicit in the condition" (*id*. at p. 593), but that because the

---

[2] The minutes of the hearing reflect a court security fee of $60 rather than $80. We will order the minutes corrected accordingly.

3

condition was "not limited to substances regulated by statute, but extend[s] to alcohol," an express knowledge requirement would "eliminate any potential for vagueness or overbreadth in applying the condition" (*id.* at p. 594). Addressing gang probation conditions, this court also determined that a constructive knowledge element does not render the probation conditions unconstitutionally vague. (*Id.* at pp. 588-589; see also *People v. Mendez* (2013) 221 Cal.App.4th 1167 [holding that a constructive knowledge element in conditions prohibiting association with certain types of people did not make the conditions unconstitutionally vague].)

In this case, we will modify the probation condition concerning alcohol to include an actual and constructive knowledge element as follows: "You shall not possess or consume what you know or reasonably should know is alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale."

## IV. DISPOSITION

In case No. CC776155, the judgment (order of probation) is ordered modified as follows. The probation condition stating, "You shall not possess or consume alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale," is modified to state as follows: "You shall not possess or consume what you know or reasonably should know is alcohol or illegal controlled substances or knowingly go to places where alcohol is the primary item of sale." As so modified, the judgment is affirmed. The minutes of the February 19, 2014 sentencing hearing are ordered corrected to reflect the oral pronouncement of judgment by stating that the court security fee imposed under Penal Code section 1465.8 is $80.

4

_____
BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____
MIHARA, J.

_____
GROVER, J.