Filed 2/23/15  In re Erik C. CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re ERIK C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERIK C.,<br><br>        Defendant and Appellant. | A140986<br><br>(Alameda County<br>Super. Ct. No. SJ1302198201) |

Defendant Erik C. challenges the constitutionality of four probation conditions that were imposed on him in connection with the disposition of two wardship petitions. He contends the conditions are unconstitutionally vague, and requests that we modify them.  The Attorney General concedes that conditions one through three should be modified, and agrees to defendant's proposed modifications.  We conclude that all four probation conditions at issue should be modified to add explicit knowledge requirements. As to condition four, we will remand to the juvenile court to add a specific distance to the probation condition requiring defendant to stay away from two particular individuals. We will affirm the judgment as modified.

1

FACTUAL AND PROCEDURAL BACKGROUND

*Proceedings in Alameda County and San Mateo County Juvenile Wardship Petitions*

We briefly summarize the facts of this appeal, which involves juvenile wardship petitions filed in Alameda County and San Mateo County.

Defendant attended high school in Fremont. On September 4, 2013, defendant was brought to the high school assistant principal's office for wearing Norteño gang colors, in violation of school rules. A subsequent search of defendant's backpack revealed a folding knife and digital scale. Defendant was arrested, cited, and released.

On November 26, 2013, the Alameda County District Attorney filed a wardship petition pursuant to Welfare and Institutions Code section 602 arising out of the incident at defendant's high school.[1] The petition alleged that Erik C., then age 13, (1) was in possession of a folding knife at school (count 1), (2) possessed a switchblade knife over two inches long (count 2), and (3) resisted or obstructed a peace officer (count 3). All three counts were misdemeanors.

On the evening of November 27, 2013, defendant was sitting in the front passenger seat of a vehicle that was stopped by the Menlo Park Police Department. The vehicle had been stopped because it did not have license plates and because the officer believed that it matched the description of a vehicle that had been identified in several recent drive-by shootings. Officers found a .357 magnum revolver under the front passenger seat where defendant was sitting, and three .357 caliber bullets in defendant's jacket. Officers also found a loaded .45 caliber semi-automatic pistol on the backseat floorboard and three live rounds of ammunition in the rear passenger armrest. Another of the occupants was carrying a loaded revolver and a loaded .45 caliber magazine.

On December 3, 2013, the San Mateo District Attorney filed a wardship petition pursuant to section 602 in connection with the vehicle stop in Menlo Park. This petition alleged that defendant (1) possessed a firearm capable of being concealed on his person, a felony (count 1), (2) possessed live ammunition (count 2), (3) carried a concealed

---

[1] All statutory references are to the Welfare and Institutions Code.

firearm in a vehicle in which he was an occupant (counts 3 and 4), and (4) carried a loaded firearm on his person in a vehicle in public, a felony (count 5).

Defendant admitted count 1 of the San Mateo petition (possessing a firearm capable of being concealed on his person), in exchange for dismissal of the remaining counts and transfer of the case to Alameda County for disposition. Defendant also admitted to the Menlo Park Police Department that he was a member of the Norteño criminal street gang.

Back in Alameda County, defendant admitted a misdemeanor violation of count 2 (possession of a switchblade knife) of the Alameda County petition, in exchange for a dismissal of the remaining counts.

*Disposition and Probation Conditions*

At the combined dispositional hearing on the two petitions, the juvenile court adjudged defendant a ward of the court and placed him on formal probation, with several terms and conditions. The following four conditions of probation are at issue in this appeal: "[1] You're not to possess, own, or handle any firearm, knife, fireworks, explosives, or chemicals that can produce explosives; . . . [2] You're not to wear or display items or emblems to be associated or symbolic of gang membership; [3] Don't acquire any new tattoos or gang-related piercings. You shall have any existing tattoos or piercings photographed by the Probation Officer; . . . [4] Stay away from [C.B..] . . . and Erick Alexander Barragan." C.B. was another passenger and Barragan was the driver who were arrested with defendant in the San Mateo County incident.

Defendant's counsel did not object to the terms of probation at the time they were imposed in the juvenile court. This timely appeal followed. It raises only the constitutionality of the four conditions of probation described above, and only "on grounds of facial vagueness."

DISCUSSION

When a minor is placed on probation after the minor commits a crime, the juvenile court may "impose and require any and all reasonable conditions that it may determine

3

fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." (§ 730, subd. (b).)

We have set forth the general legal principles that govern this appeal in *In re Victor L.* (2010) 182 Cal.App.4th 902, 910 (*Victor L.*):

"The permissible scope of discretion in formulating terms of juvenile probation is even greater than that allowed for adults. '[E]ven where there is an invasion of protected freedoms "the power of the state to control the conduct of children reaches beyond the scope of its authority over adults . . . ." ' (*Ginsberg v. New York* (1968) 390 U.S. 629, 638.) This is because juveniles are deemed to be 'more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed.' ([*In re*] *Antonio R.* [(2000)] 78 Cal.App.4th [937,] 941.) Thus, ' " 'a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court.' " ' (*In re Sheena K.* [(2007)] 40 Cal.4th 875, 889 (*Sheena K.*); see also *In re R.V.* (2009) 171 Cal.App.4th 239, 247; *In re Frank V.* (1991) 233 Cal.App.3d 1232, 1242-1243 [rule derives from court's role as *parens patriae* ].)

"Of course, the juvenile court's discretion is not boundless. Under the void for vagueness doctrine, based on the due process concept of fair warning, an order ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' (*Sheena K., supra,* 40 Cal.4th at p. 890.) The doctrine invalidates a condition of probation ' " 'so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " ' (*Ibid.*) By failing to clearly define the prohibited conduct, a vague condition of probation allows law enforcement and the courts to apply the restriction on an ' " '*ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' " ' (*Ibid.*)" (*Victor L., supra*, 182 Cal.App.4th at p. 910.)

Where a vague probation condition can be modified " 'without reference to the particular sentencing record developed in the trial court' [citation], an issue of law arises

subject to de novo review on appeal. [Citation.]" (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172.)

These challenges can be made for the first time on appeal, without having objected at the time the conditions were imposed, "so long as they present pure questions of law based solely on facial constitutional grounds and do not require a review of the sentencing record, and are easily remediable on appeal." (*Victor L. supra*, 182 Cal.App.4th at p. 907.) We will thus address the merits to the extent that they present "pure question[s] of law, easily remediable on appeal by modification of the condition[s]." (*Sheena K, supra,* 40 Cal.4th at p. 888.)

*Condition One*

Defendant contends condition one[2] is unconstitutionally vague because it does not contain a knowledge requirement. Defendant argues that it requires that he must "not . . . possess, own, or handle any . . . chemicals that can produce explosives," and assumes he knows which chemicals can produce explosives and which cannot. As examples, defendant cites chemicals that might constitute a component of an explosive, such as hydrogen peroxide, sugar, vinegar, Styrofoam, nail polish remover, or fertilizer, even though defendant has no knowledge or awareness of how the chemical might possibly be used to produce explosives. Defendant argues that without a knowledge requirement in condition one, he does not have "fair warning" of what he is prohibited from doing. (*Victor L. supra*, 182 Cal.App.4th at p. 910.) Defendant proposes a modification to correct this vagueness.

The Attorney General concedes the ambiguity and agrees to defendant's proposed modification to condition number one. We agree. This probation condition is modified

---

[2] For convenience, and in keeping with the parties' briefing on appeal, we refer to the conditions of probation as one through four, although the juvenile court judge did not refer to them numerically. As requested by defendant, and without objection by the Attorney General, we are reviewing the probation conditions as orally imposed by the juvenile court at the disposition hearing on January 21, 2014, not as written in a County of Alameda Juvenile Probation Department document entitled "Conditions of Probation and Court Orders" that was apparently also prepared on the same date.

5

to say: "You're not to *knowingly* possess, own, or handle any firearm, knife, fireworks, explosives, or chemicals that *you know or the probation officer has informed you* can produce explosives."

*Condition Two*

Defendant contends condition two, regarding wearing or displaying gang items, is unconstitutionally vague because it does not contain a knowledge requirement. Defendant argues that he cannot be assumed to know all of the items and emblems associated with criminal street gangs. Defendant proposes language to modify this condition of probation.

The Attorney General concedes this ambiguity in condition two and agrees to defendant's proposed modification. We agree. This probation condition is modified to say: "You're not to wear or display items or emblems *that you know, or that the probation officer informs you, are* associated or symbolic of gang membership."

*Condition Three*

Defendant contends condition three regarding gang-related piercings is unclear for similar reasons as condition two, and contends that it should be modified to include a knowledge requirement.

Again, the Attorney General concedes the ambiguity and agrees to defendant's proposed modification. We agree. This probation condition is modified to say: "Don't acquire any new tattoos or *piercings that you know, or the probation officer has informed you, are gang-related*. You shall have any existing tattoos or piercings photographed by the Probation Officer."

*Condition Four*

Defendant contends condition four, which requires him to "stay away" from the two co-participants in the San Mateo County offense, is unconstitutionally vague because it does not tell him how far he must stay away from them, and fails to include a scienter requirement. Defendant contends condition four doesn't make clear whether defendant is "prohibited from visiting the neighborhood of San Mateo where the two men reside," or whether he is "not allowed to travel within one block or within 50 yards of where he

6

thinks they might be located at any given time." Defendant also contends probation condition four does not have a knowledge requirement, and that he thus may unwittingly violate the condition if he goes to a store or movie theater where the co-participants are present, unbeknownst to him. Defendant proposes to modify condition four to state, "Do not knowingly stay within 50 yards from [C.B.] . . . and Erick Alexander Barragan."

The Attorney General objects to this modification on two grounds. First, the Attorney General contends, without citation to legal authority, that knowledge is "implicit in the condition." That said, the Attorney General notes that "nevertheless, in light of existing appellate court decisions, we acknowledge that this court may find it appropriate to add an explicit knowledge requirement."[3] Second, the Attorney General disagrees with the proposed addition of a specific distance to the stay-away condition, simply on the ground that "unlike schools or courthouses, people are not structures with fixed locations."

We agree that it is appropriate to modify condition four so that there is an explicit knowledge requirement in this condition of probation. (*See People v. Petty* (2013) 213 Cal.App.4th 1410, 1424 [modifying protective order to provide that defendant must not " 'knowingly' " come within 100 yards of victim or her daughter].) This can be easily accomplished and without reference to the sentencing record in the juvenile court.

As to the distance requirement, we find no merit in attempting to distinguish a requirement that a defendant stay away a specific distance from a structure as opposed to a specific distance from a person. It makes no difference. Without informing defendant how far he must stay away from his co-participants, he does not have "fair warning" of the proscribed conduct.

Defendant asks us to modify the probation condition to impose a 50-yard stay-away order. The Attorney General does not address the appropriateness of this distance.

---

[3] The Attorney General points out that the California Supreme Court has recently granted review in a juvenile delinquency case (*In re A.S.*, review granted Sept. 24, 2014, S220280), where the issue presented is "Must the no contact probation conditions be modified to explicitly include a knowledge requirement."

We cannot impose a condition of 50 or 100 yards or any other distance in the first instance. This would require "scrutiny of individual facts and circumstances" (*Sheena K.*, *supra*, 40 Cal.4th at p. 885) in defendant's sentencing, and this is properly left to the juvenile court.[4]

In sum, we will modify probation condition four to include a requirement that defendant must knowingly stay away from [C.B.] and Erick Alexander Barragan, and remand to the juvenile court to determine the appropriate distance. Condition four, as modified, will then be " ' "sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' " (*People v. Mendez, supra,* 221 Cal.App.4th at p. 1172, *quoting Sheena K., supra*, 40 Cal.4th at p. 890.)

## DISPOSITION

The probation conditions from which defendant has appealed are modified to read as follows: (1) "You're not to knowingly possess, own, or handle any firearm, knife, fireworks, explosives, or chemicals that you know or the probation officer has informed you can produce explosives"; (2) "You're not to wear or display items or emblems that you know, or that the probation officer informs you, are associated or symbolic of gang membership"; (3) "Don't acquire any new tattoos or piercings that you know, or the probation officer has informed you, are gang-related. You shall have any existing tattoos or piercings photographed by the Probation Officer." Condition four shall be modified to include a knowledge requirement. We remand to the juvenile court to determine a

---

[4] The juvenile court clearly wanted defendant to stay away from the co-participants in the San Mateo offense for good reason. At the disposition hearing, the court described defendant's case as an "extremely serious situation." "He has a loaded weapon. He has more bullets in his jacket. He's in with another couple people: One is an adult [Barragan]; one is around his age [C.B.], who has another serious weapon; the other person has a .45 caliber. That's not just a poor choice. That's death. He's either going to kill somebody or somebody is going to kill him. That's what I'm looking at. He's playing a game that has some serious consequences. [¶] . . . There's no anchor there: Not an anchor at school. He has nothing other than his gang. That's my concern. . . . [¶] This is one of the most disturbing reports."

specific distance for the stay-away provision in condition four and to restate probation condition four to include that specific distance as well as a knowledge requirement. Finally, the juvenile court is directed to amend its written orders concerning these four conditions of probation so that they conform to the terms of the juvenile court's oral pronouncements, as modified here.

_____

Miller, J.

We concur:

_____

Kline, P.J.

_____

Stewart, J.