Filed 10/20/14  P. v. Luna CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>CHRISTIAN LUNA,<br><br>   Defendant and Appellant. | H040318<br>(Monterey County<br> Super. Ct. No. SS131628A) |

Defendant Christian Luna pleaded no contest to a count of robbery (Pen. Code, § 211).[1]  The trial court suspended imposition of sentence and placed him on probation for three years, subject to various terms and conditions.  On appeal, defendant argues that several of his probation conditions are unconstitutionally vague and overbroad.  We modify two of the challenged conditions and affirm the judgment.

**PROCEDURAL BACKGROUND**[2]

On August 19, 2013, the Monterey County District Attorney's office filed a complaint charging defendant with three counts of second degree robbery (§ 211; counts 1-3) and a count of conspiracy to commit a crime (§ 182, subd. (a)(1); count 4).  On September 17, 2013, defendant pleaded no contest to a single count of robbery pursuant to a plea bargain.

---

[1] Further unspecified statutory references are to the Penal Code.

[2] The facts underlying defendant's offenses are not relevant to the issues raised on appeal.  We therefore provide only a summary of the procedural history of the case.

On October 22, 2013, the trial court suspended imposition of sentence and placed defendant on probation for a period of three years, subject to certain terms and conditions. Defendant filed a timely notice of appeal.

## DISCUSSION

### 1. *Standard of Review*

"A Court of Appeal may review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889 (*Sheena K.*).) Our review of such a question is de novo." (*People v. Pirali* (2013) 217 Cal.App.4th 1341, 1345.)

### 2. *Knowledge Requirement in Conditions Nos. 15 and 16*[3]

Condition No. 15 states: "Have no direct or indirect contact with the victims, including contact by telephone, writing, computer, or through another person."

Condition No. 16 states: "Stay away at least 100 yards from the victim, the victim's residence, the victim's place of employment, school they attend, and any vehicle the victim is in."

Defendant argues these conditions should be modified to include a knowledge requirement, and the People agree.

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) That is, the defendant must know in advance when he

---

[3] The trial court did not orally pronounce each of the probation conditions. Instead, the court incorporated the list of conditions in the probation report. Therefore, we refer to the probation conditions as listed in the probation report.

2

may be in violation of the condition. "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].) Accordingly, courts have consistently ordered modification of probation conditions to incorporate a scienter requirement when a probationer could unknowingly engage in a prohibited activity. (See *In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816; *In re Kacy S.* (1998) 68 Cal.App.4th 704, 713; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629.)

Conditions Nos. 15 and 16 have no knowledge requirement. Therefore, we agree it is possible defendant could inadvertently violate these conditions. Accordingly, we modify conditions Nos. 15 and 16 to include a scienter requirement.

3. *"Have Reason to Know" Element in Conditions Nos. 18, 19, 20, and 22*

Condition No. 18 states: "Not visit or remain in any area you know, have reason to know, or are told by the probation officer is a gang-gathering area. (The term 'gang' in these conditions of probation refers to 'criminal street gang' as defined in PC § 186.22.)"

Condition No. 19 states: "Not associate with any individuals you know, have reason to know, or are told by the probation officer are gang members, illegal drug users, or who are on any form of probation, mandatory supervision, post release community supervision, or parole supervision."

Condition No. 20 states: "Not possess, wear, use or display any item you know, have reason to know, or have been told by the probation officer is associated with membership or affiliation in a gang, including, but not limited to, any insignia, emblem, button, badge, cap, hat, scarf, bandanna, or any article of clothing, hand sign, or paraphernalia including the colors red and blue."

Condition No. 22 states: "You shall not be present at any criminal court proceeding where you know, have reason to know, or the probation officer informs you that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior permission of your probation officer."

Defendant argues these conditions are constitutionally infirm because they include a "have reason to know" element, which he claims is impermissibly vague. In part, he contends it is "impossible for a probationer to figure out when he or she has 'reason to know' something."

Defendant acknowledges that a panel of this court has held that a constructive knowledge requirement similar to the "have reason to know" requirement at issue here was appropriate in a probation condition prohibiting a defendant from associating with types of persons " ' "[he should] know, or reasonably should know" ' " are drug dealers, probationers, or parolees. (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1170 (*Mendez*).)

However, defendant insists *Mendez* was wrongly decided. He argues *Mendez* inappropriately relied on various penal statutes that have constructive knowledge elements and on the cases upholding the constitutionality of these statutes. Defendant argues cases involving the constitutionality of penal statutes where a criminal negligence standard suffices have no application to probation conditions, because "[a] probationer stands in a different position than an ordinary citizen" and is "subject to the supervision of a governmental official (i.e. a probation officer)." Therefore, defendant argues that in order for a probationer to successfully complete the rehabilitative process, it is essential the trial court provide "adequate and precise" guidance in the form of an express knowledge requirement.

4

Defendant's arguments are identical to those made by the *Mendez* defendant, which were rejected by this court. In *Mendez*, this court held that "[h]olding a probationer to the standard of a reasonable person should promote his or her rehabilitation, not subvert it. A probationer should be encouraged to be aware of the status of acquaintances and to actively avoid potentially dangerous companions. Willful ignorance of warning signs should not be rewarded by the conclusion that a probation condition was not violated because the probationer did not actually, subjectively" recognize the existence of a prohibited condition such as the status of an individual as a parolee. (*Mendez*, *supra*, 221 Cal.App.4th at p. 1177.)

Defendant insists it is "worth noting that the Legislature has carefully limited its use of a constructive knowledge standard to those situations where it would essentially be impossible for an observer not to know the status of the person in question," including offenses committed against police officers or elderly persons. However, as reasoned in *Mendez,* "the Legislature has extended its reach [the objective reasonable person standard] to individuals whose status may not be readily apparent, such as dependent adults, nonsworn employees of probation departments, and school employees." (*Mendez*, *supra*, 221 Cal.App.4th at p. 1177.)

Defendant maintains *Mendez* plainly conflicts with *People v. Gabriel* (2010) 189 Cal.App.4th 1070 (*Gabriel*), a decision made by a separate panel of this court. We disagree with defendant's interpretation of *Mendez* and *Gabriel* and conclude no disagreement exist. Indeed, in *Mendez* we expressly stated we found no discrepancy with *Gabriel*. (*Mendez*, *supra*, 221 Cal.App.4th at p. 1178.)

The defendant in *Gabriel* challenged a probation condition that he " '[n]ot associate with any individuals you know or suspect to be gang members, drug users, or on any form of probation or parole supervision.' " (*Gabriel*, *supra*, 189 Cal.App.4th at p. 1073.) The *Gabriel* court noted that "[t]o 'suspect' is 'to imagine (one) to be guilty or

5

culpable on slight evidence or without proof' or 'to imagine to exist or be true, likely, or probable.' (Merriam-Webster's Collegiate Dict. (10th ed. 1999) p. 1187 (Webster's).) To 'imagine' is 'to form a notion of without sufficient basis.' (Webster's, at p. 578.) Given this lack of specificity, the word 'suspect' fails to provide defendant with adequate notice of what is expected of him when he lacks actual knowledge that a person is a gang member, drug user, or on probation or parole. Moreover, inclusion of this word renders the condition insufficiently precise for a court to determine whether a violation has occurred." (*Ibid.*) We therefore modified the challenged condition to delete the word "suspect." (*Ibid.*)

*Mendez* concluded "[t]he probation condition in *Gabriel* did not expressly require the probationer to have a reasonable suspicion of his companion's status. 'Reasonable suspicion' is a familiar concept in the law of search and seizure that involves an objective standard. [Citations.] [¶] *Gabriel* determined that a mental element based on the probationer's subjective suspicion would create enforcement problems. It did not discuss or determine whether other mental elements such as constructive knowledge would be impermissibly vague." (*Mendez, supra*, 221 Cal.App.4th at p. 1178.) Therefore, we found "no inconsistency between *Gabriel* and our conclusion [in *Mendez*] that 'reasonably should know' [was] not unconstitutionally vague as used in the challenged conditions." (*Ibid.*)

We adhere to the rationale set forth in *Mendez* and reject defendant's argument that a constructive knowledge requirement would render his probation conditions impermissibly vague. "Holding a probationer to the standard of a reasonable person supplies ' "an additional motive to take care before acting, to use their faculties and draw on their experience in gauging the potentialities of contemplated conduct. To some extent, at least, this motive may promote awareness and thus be effective as a measure of control. . . ." ' " (*Mendez, supra*, 221 Cal.App.4th at pp. 1177-1178.) Additionally, other

6

appellate courts have added constructive knowledge elements to eliminate vagueness in probation conditions. (See *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436; *People v. Moses* (2011) 199 Cal.App.4th 374, 381-382.)

In this particular case, the challenged probation conditions contain a "reason to know" element. The condition in *Mendez* contained a "reasonably should know" element. Defendant insists that if we were to accept the reasoning set forth in *Mendez*, we should at the least modify the conditions to include a "reasonably should know" element because "reason to know" sets forth a less precise standard. We disagree.

The word "reasonably" means "in a reasonable manner," and "reasonable" means "not conflicting with reason" and "being or remaining within the bounds of reason." (Webster's 3d New Internat. Dict. (1993) p. 1892.) The word "should" has the function of "express[ing] . . . obligation." (*Id*. at p. 2104.) In the probation conditions at issue, either the phrase "reason to know" or the phrase "reasonably should know" would require defendant to refrain from going to certain places, displaying certain insignias, contacting certain individuals, or being present at certain criminal proceedings if he has an objectively rational ground to know a certain prohibited condition exists. We do not believe the two phrases create significantly different standards in this context. (See *People v. Morris* (2010) 185 Cal.App.4th 1147, 1155 [using "reason to know" phrase in reference to a sentence enhancement under § 667.9, which applies to a defendant who commits an enumerated offense against a victim who has a specified disability or condition that is known or reasonably should be known to the defendant].)

Accordingly, the challenged conditions require no modification.

4. *"Gang-Gathering Area" in Condition No. 18*

Lastly, defendant argues that condition No. 18, which states defendant is to "[n]ot visit or remain in any area you know, have reason to know, or are told by the probation

officer is a gang-gathering area . . .” is unconstitutionally overbroad and vague due to the phrase “gang-gathering area.”

Defendant urges us to adopt the reasoning set forth in *In re H.C.* (2009) 175 Cal.App.4th 1067.  The minor in *H.C.* objected to a probation condition requiring him to “ ‘not frequent any areas of gang related activity and not participate in any gang activity.’ ” (*Id*. at p. 1072.)  This court found two areas of vagueness in this condition.  First, we concluded that the word “frequent” would be “especially challenging to understand” and noted that from plain wording of the condition “the minor would not violate the condition with one or two visits, yet we glean from the record that the trial court intended the minor not to visit such areas at all.” (*Ibid*.)  Second, we reasoned “[a]n area with ‘gang related activity’ might be, in some instances, an entire district or town.  It would be altogether preferable to name the actual geographic area that would be prohibited to the minor and then to except from that certain kinds of travel, that is, to school or to work.  At the very least, the condition . . . should be revised to say that the minor should not visit any area known to him to be a place of gang-related activity.” (*Ibid*.)  We then remanded the case to the trial court so it could more closely tailor the condition to be consistent with *Sheena K.*, *supra*, 40 Cal.4th at page 890.

Contrary to defendant’s contentions, *H.C.* does not stand for the proposition that the phrase “areas of gang related activity” is inherently unconstitutionally vague or overbroad.  Although this court noted it would be preferable if the trial court listed specific geographic areas the minor was to avoid, we also concluded that inclusion of a knowledge requirement would sufficiently provide the minor notice about prohibited areas.

Consistent with *H.C.*’s suggestion on this point, this court has modified similar probation conditions to include a scienter element.  In *People v. Leon* (2010) 181 Cal.App.4th 943, we modified a condition that stated “ ‘You’re not to frequent any areas

8

of gang-related activity' " to " 'You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity.' " (*Id*. at p. 952.)

Similarly, in *People v. Barajas* (2011) 198 Cal.App.4th 748, we concluded that no modification was necessary to a challenged probation condition that stated: " 'You're not to visit or remain in any specific location which you know to be or which the probation officer informs you to be an area of criminal street gang-related activity.' " (*Id*. at p. 754.) We determined the condition was not impermissibly vague because "[t]he knowledge condition suffices to give defendant fair warning of what areas to avoid and ensures that he will not be found in violation due to a factual mistake, accident, or misfortune." (*Id*. at p. 760.)

The reasoning set forth in *Barajas* applies here. The constructive knowledge requirement in condition No. 18 will provide defendant fair warning and will protect him from arbitrary enforcement. Therefore, no further definition of the term "gang area" is necessary to render the condition constitutional.

### DISPOSITION

Probation condition No. 15 is modified to state: "You are not to knowingly have direct or indirect contact with the victims, including contact by telephone, writing, computer, or through another person."

Probation condition No. 16 is modified to state: "Do not knowingly come within 100 yards of the victim, the victim's residence, the victim's place of employment, school they attend, and any vehicle the victim is in."

As modified, the judgment is affirmed.

9

_____

Premo, J.

WE CONCUR:

_____

Rushing, P.J.

_____

Elia, J.