Filed 6/24/24  In re M.S. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re M.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>M.S.,<br><br>    Defendant and Appellant. | F086203<br><br>(Super. Ct. No. 22JL-00094-A)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Merced County.  Mark V. Bacciarini, Judge.

Heather Monasky, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench, Kathryn L. Althizer, and Jessica Trieu-Simerly, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

## INTRODUCTION

A juvenile petition under Welfare and Institutions Code section 602, subdivision (a) was sustained against M.S. for assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)), exhibiting a deadly weapon (§ 417, subd. (a)(1)), and criminal threats (§ 422, subd. (a)). M.S. was adjudged a ward of the court and placed under the general supervision of the probation department. M.S. filed a timely appeal raising the following claims: (1) the juvenile court failed to declare counts 1 and 3 to be either felonies or misdemeanors; (2) the gang prohibition is an invalid probation condition; (3) the curfew probation condition is unconstitutionally vague on its face; (4) the travel probation conditions impede on M.S.'s constitutional rights; (5) the electronic search probation condition is invalid; (6) the weapons probation condition is unreasonable and impedes on M.S.'s constitutional rights; (7) a scienter requirement must be added to probation condition Nos. 17, 41 and 44; and (8) the order of wardship and amended minute order must be corrected to conform to the court's oral pronouncements.

We order the gang probation condition under No. 35 stricken. We order a limited remand for the juvenile court to declare M.S.'s offenses under counts 1 and 3 to be either a felony or a misdemeanor, to modify probation condition No. 8 by more precisely defining the term "overnight," to modify probation condition No. 16 to more narrowly tailor the electronic search condition, to modify the weapons condition under No. 41 in accordance with this opinion, to modify probation condition No. 17 in accordance with this opinion, and to modify the order of wardship and amended minute order to reflect the juvenile court's oral pronouncements. In all other respects, the judgment is affirmed.

## FACTUAL SUMMARY

On August 14, 2022, A.S., 18 years old, was at home in Los Banos with his 12-year-old brother (A.A.), 15-year-old sister, and 16-year-old cousin (J.A.). Around noon,

---

[1]    Hereinafter, all nondesignated statutory references are to the Penal Code.

A.S. was asleep when arguing in his sister's room woke him up. A.S. knocked on her door and asked, "Is somebody in there?" The door was locked, so A.S. knocked hard. His sister replied, "[N]obody's in here." A.S. returned to his room but again heard arguing coming from his sister's room, but now heard a man's voice. A.S. said, "Get out of my house" and told the man, later identified as M.S., to leave before he "[took] him out." The voices inside his sister's room quieted. A.S. then woke up J.A. and said, "I think there's somebody inside the house." A.S. returned to his sister's room. He tried again to open the locked door, and eventually succeeded. Once inside, A.S. saw his sister in her bed and told M.S. to "get the fuck out of my house." M.S. ran out through the window to the back yard.

A.A. and J.A. had gone to the backyard and yelled, "He's coming over here." A.S. ran to his sister's window, and A.A. and J.A. yelled to him that M.S. had a knife. M.S. was only about one to two feet from A.A. and J.A. and swinging the knife at them. He said he would stab them if they did not get out of his way. M.S. continued swinging the knife at them, but they backed up. J.A. was scared and screamed for A.S., who went through the house to meet them outside. A.S. was also scared but, he wanted to protect his younger cousin and brother, so he grabbed a skateboard, ran in between them, and threw the skateboard at M.S. After throwing the skateboard, A.S. ran towards M.S., who swung his arm and stabbed A.S. in the stomach. M.S. ran but did not leave. M.S. had dropped his phone somewhere and said he was going to vandalize their cars if they did not give him his phone back. A.S. called the police. A.S.'s sister had M.S.'s phone, which she gave to police when they arrived.

Los Banos Police Department Officer Cole responded to the incident. Cole spoke with M.S. and asked him where the knife was. M.S. motioned to the front of his waistband. Cole ordered M.S. to place his hands on his head, which he did, before retrieving the knife. Cole then spoke with A.S., who showed him a three-inch abrasion

3.

on the left side of his torso.  A.S. noticed a little blood on his stomach but refused medical treatment.  The injury healed on its own.

## PROCEDURAL SUMMARY

A juvenile petition was filed pursuant to section 602 of the Welfare and Institutions Code alleging M.S. committed assault with a deadly weapon (§ 245, subd. (a)(1); count 1), exhibited a deadly weapon (§ 417, subd. (a)(1); count 2), and made criminal threats (§ 422, subd. (a); count 3).  M.S. denied the allegations and the matter proceeded to a contested jurisdictional hearing.  The juvenile court sustained the petition. The court declared M.S. a ward of the court and placed him under the general supervision of the probation department.  The court committed M.S. to Bear Creek Academy Short Term Home Commitment Program Level Two.

## DISCUSSION

I.    REMAND IS REQUIRED FOR THE JUVENILE COURT TO EXERCISE ITS DISCRETION AND EXPRESSLY DECLARE COUNTS 1 AND 3 AS EITHER FELONIES OR MISDEMEANORS.

M.S. contends that since counts 1 and 3 are punishable as either misdemeanors or felonies, the juvenile court was required to declare them as either misdemeanors or felonies but failed to do so.  M.S. contends that since the juvenile court failed to make such declarations, the matter must be remanded to the juvenile court for the court to make such required declarations.  The People contend that the juvenile court did declare count 3 to be a felony but concede that it did not declare whether count 1 was a misdemeanor or a felony.  The People agree that the matter should be remanded for the juvenile court to make the required declaration as to count 1 only.  M.S. contends that the record as a whole does not indicate the juvenile court was aware of its discretion as to counts 1 and 3 but that it was simply reading from the petition.  We agree with M.S. and remand the matter to the juvenile court for it to declare whether counts 1 and 3 are misdemeanors or felonies.

4.

*A.    Relevant Factual and Procedural Background*

The juvenile wardship petition alleged felony assault with a deadly weapon (count 1) and felony criminal threats (count 3).  Following a contested hearing, the juvenile court concluded "the People have proven the case beyond a reasonable doubt" and made the following findings:

> "I do find the allegations, specifically, [c]ount 1, a violation of … [s]ection 245[, subdivision] (a)(1), assault with a deadly weapon, to have been proven beyond a reasonable doubt.

> "I do find [c]ount 2, a misdemeanor violation of … [s]ection 417[, subdivision] (a)(1), exhibiting a deadly weapon, to be true.

> "And I also find [c]ount 3, a felony violation of … [s]ection 422[, subdivision] (a), to be proven beyond a reasonable doubt.

> "I will, therefore, sustain the petition and find that the minor does come within the definition of 602 of the Welfare and Institutions Code."

*B.    Applicable Law and Standard of Review*

"When an offense is punishable by either a state prison or county jail term, it is normally considered a 'wobbler,' meaning that it can be either a felony or a misdemeanor." (*In re H.N.* (2022) 76 Cal.App.5th 962, 967; *In re Grant* (2014) 58 Cal.4th 469, 475, fn. 3.)  "When a minor is found to have committed a so-called 'wobbler' offense, the juvenile court 'shall declare the offense to be a misdemeanor or felony.' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1122, fn. omitted, citing Welf. & Inst. Code, § 702; *In re Raymundo M.* (2020) 52 Cal.App.5th 78, 92.)  This requirement is " 'obligatory' rather than 'merely "directory," ' [citation]  and requires an explicit declaration." (*In re G.C.*, at p. 1125; *In re Kenneth H.* (1983) 33 Cal.3d 616, 619 ["section 702 means what it says and mandates the juvenile court to declare the offense a felony or misdemeanor"]; see Cal. Rules of Court, rule 5.780(e)(5) ["the court must ... expressly declare on the record that it has made such consideration, and must state its determination as to whether the offense is a misdemeanor or a felony"].)

If the juvenile court fails to make the required express declaration, "but the record shows it was aware of—and, in fact, exercised—its discretion, the matter need not be remanded." (*In re Raymundo M.*, *supra*, 52 Cal.App.5th at p. 92; *In re Manzy W.* (1997) 14 Cal.4th 1199, 1209, superseded by statute on another ground as stated in *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108.) However, " '[n]either the pleading, the minute order, nor the setting of a felony-level period of … confinement may substitute' for the required declaration." (*In re F.M.* (2023) 14 Cal.5th 701, 712, quoting *In re Manzy W.*, at p. 1208.) "[I]f the record does not show such an exercise of discretion, the matter must be remanded." (*In re Raymundo M.,* at p. 92; *In re Manzy W.*, at p. 1210; *In re F.M.*, at p. 705; *In re Jeffery M.* (1980) 110 Cal.App.3d 983, 985.)

Assault with a deadly weapon is a "wobbler," meaning that it may be a felony or a misdemeanor. (§ 245, subd. (a)(1); *In re Raymundo M.*, *supra*, 52 Cal.App.5th at p. 90.) "Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year…." (§ 245, subd. (a)(1).)

The crime of criminal threats is also a wobbler. (§ 422, subd. (a); *In re Raymundo M.*, *supra*, 52 Cal.App.5th at p. 90.) "Any person who willfully threatens to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement, made verbally, in writing, or by means of an electronic communication device, is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made, is so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the threat, and thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in state prison." (§ 422, subd. (a).)

*C.    Analysis*

There is nothing in the record showing that the juvenile court made an express declaration as to whether the assault with a deadly weapon or criminal threats offenses were either misdemeanors or felonies.  (See e.g., *In re Ricky H.* (1981) 30 Cal.3d 176, 191, superseded by statute on other grounds as stated in *In re Michael D*. (1987) 188 Cal.App.3d 1392, 1396.)  Although the petition described the charged offenses as felonies, the petition is prepared by the prosecutor and not the court.  (See *In re Ricky H., at p. 191.)  "The mere specification in the petition of an alternative felony/misdemeanor offense as a felony has been held insufficient to show that the court made the decision and finding required by section 702."  (*Ibid.*; *In re Jeffery M*., *supra,* 110 Cal.App.3d at p. 985.)

Consequently, the fact that the court read the offense as alleged in the petition for its true findings is not equivalent to declaring the offense to be a felony.  It is not enough to find an offense to be a felony just because that is how it is charged in the prosecution's petition and found true by the court.  (*In re F.M., supra,* 14 Cal.5th at p. 712 [" '[N]either the pleading, the minute order, nor the setting of a felony-level period of confinement may substitute' for the required declaration"]; *In re Kenneth H., supra,* 33 Cal.3d at pp. 619–620; *In re Ricky H*., *supra,* 30 Cal.3d at p. 191.)  Nor does imposition of a felony sentence compensate for the juvenile court's failure to explicitly designate the offense as a felony.  (See *In re Dennis C.* (1980) 104 Cal.App.3d 16, 23.)  Moreover, since the trial court made no designation for the first count, the record does not support that the juvenile court was even aware it was required to declare the offenses as either misdemeanors or felonies.  (See *In re Dennis C*., at p. 23 ["entirely possible that the judge simply sentenced Dennis C. as a felon without considering the possibility of sentencing him as a misdemeanant"].)

The failure to make the required Welfare and Institutions Code section 702 declaration is not correctable on appeal without remand for further findings.  (*In re G.C.,*

7.

*supra*, 8 Cal.5th at p. 1131 [appellate court cannot its "reasons for those omitted or misapplied by the [juvenile] court"].) Accordingly, we must remand the matter to permit the juvenile court to exercise its discretion to declare the assault with a deadly weapon offense and criminal threats offense as felonies or misdemeanors. (*Ibid*.; *F.M.*, *supra*, 14 Cal.5th at p. 717.)

II.   THE PROBATION CONDITION PROHIBITING M.S. FROM POSSESSING OR DISPLAYING GANG CLOTHING AND PARAPHERNALIA OR ASSOCIATING WITH GANG MEMBERS MUST BE STRICKEN.

M.S. claims that the probation condition prohibiting him from possessing or displaying gang clothing or paraphernalia or associating with gang members is unreasonable under *Lent*,[2] unconstitutionally overbroad, and unconstitutionally vague. The People agree that the gang condition is unreasonable under the factual circumstances of the case, not related to the deterrence of future criminality, and must be stricken. We agree that the gang condition must be stricken.

*A.    Relevant Background*

Probation condition No. 35 states, "Do not wear or possess any item of gang clothing known to be such by you including gang insignia, moniker, or pattern, jewelry with gang significance nor may you display any gang insignia, marker, or other markings of gang significance known to be such by you on your person or property as may be identified by Peace Officer or Probation Officer. You will not display any gang signs or gestures known to you to be associated with gangs. Do not associate with any person(s) known to you as being gang member(s). For the purpose of this condition, the word 'gang' means a criminal street gang as defined in … section 182.22, subdivisions (e) and (f)."

---

[2]   *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*), superseded by Proposition 8 in 1982 on other grounds as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, fn. 6.

Defense counsel objected to this condition, stating, "I would be objecting to number 35, regarding not possessing any gang—item of gang clothing or gang paraphernalia. Again, I don't believe there is a nexus between that condition and the incident that occurred. But it's also my understanding there aren't any gang allegations that were alleged, so that would be the request at [t]his time."

The probation report indicated that M.S. did not have any gang affiliations and M.S. denied having a gang name. The juvenile court overruled the objection and imposed probation condition No. 35, finding it was "reasonably related to the rehabilitation of" M.S.

### B. Relevant Law

Appellate courts "review conditions of probation for abuse of discretion." (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*).) Specifically, appellate courts review a probation condition "for an indication that the condition is 'arbitrary or capricious' or otherwise exceeds the bounds of reason under the circumstances." (*Id*. at p. 384.) On review, appellate courts must "view the evidence in the light most favorable to the [lower] court's ruling." (*People v. Edwards* (2013) 57 Cal.4th 658, 711.)

Section 1203.1, subdivision (j), authorizes a sentencing court, in granting probation, to impose conditions that are "fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, for any injury done to any person resulting from that breach, and … for the reformation and rehabilitation of the probationer." Thus, sentencing courts have "broad discretion to impose [probation] conditions to foster rehabilitation and to protect public safety." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120.)

However, the sentencing court's discretion is not limitless and probation conditions must serve a purpose specified in section 1203.1. (*People v. Carbajal*, *supra*, 10 Cal.4th at p. 1121.) The California Supreme Court established a three-prong test for

invalidating probation conditions in *Lent, supra,* 15 Cal.3d 481. Under the *Lent* test, "[a] condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality ....' " (*Id*. at p. 486.) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Olguin*, *supra*, 45 Cal.4th at pp. 379–380.) The requirement that the probation condition be reasonably related to preventing future criminality includes a "degree of proportionality" to ensure that the burden imposed by the probation condition is proportional to the state interest it is intended to serve. (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1122–1124).) The *Lent* test also applies to juvenile probation conditions. (*In re D.G.* (2010) 187 Cal.App.4th 47, 52.)

When a gang-related probation condition has no connection to the crime of which defendant was convicted, courts must decide whether the condition is reasonably related to a risk that defendant will reoffend. (*People v. Brandão* (2012) 210 Cal.App.4th 568, 574 (*Brandão*).) Gang-related probation conditions are reasonably related to preventing future criminality when there is evidence of the defendant's affiliation with criminal street gangs. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 626.)

C.     *Analysis*

Upon review of the record, we conclude that the imposition of the gang condition was unreasonable under the factual circumstances of this case and not reasonably related to the deterrence of future criminality. (See *Brandão*, *supra*, 210 Cal.App.4th at p. 574.) Here, there was no evidence connecting the gang condition to future criminality or to the offense. "[T]he record divulges (1) no ties between defendant and any criminal street

10.

gang, (2) no such ties involving any member of defendant's family, and (3) no criminal history showing or strongly suggesting a gang tie." (See *id*. at p. 576.) Nor does the record demonstrate the probation condition is reasonably related to M.S.'s rehabilitation. Where there is no evidence connecting the gang condition to future criminality or to the current offense, such as the lack of any gang facts in the current case or in the minor's history, the gang prohibition condition is invalid. (*In re Edward B.* (2017) 10 Cal.App.5th 1228, 1234; *Brandão*, at p. 574.) "When a probation condition 'lack[s] any reasonable nexus to … present or future criminality' [citation], there is 'no reasonable basis for sustaining [the] condition' [citation]." (*Brandão*, at p. 574.)

Accordingly, since the imposition of the gang condition was unreasonable under the factual circumstances of this case and not reasonably related to the deterrence of future criminality, the trial court abused its discretion in imposing this probation condition. (See *Olguin, supra,* 45 Cal.4th at p. 379.) Therefore, the gang prohibition probation condition under No. 35 is stricken.[3]

III. THE PROBATION CONDITION SETTING CURFEW IS UNCONSTITUTIONALLY VAGUE ON ITS FACE.

M.S. claims that the probation condition setting a curfew is facially vague and requests this court "remand for a clearer condition." Specifically, M.S. states that the term "overnight" is a term susceptible to more than one meaning and seeks a remand for the juvenile court to clarify the meaning. The People agree that the term "overnight" is subject to more than one meaning and that remand is required for clarification. We conclude the term "overnight" as used in the curfew probation condition is unconstitutionally vague and remand for clarification.

---

[3]     Consequently, we need not address M.S.'s constitutional claim related to the gang prohibition condition.

*A.      Relevant Background*

Probation condition No. 8 states, "Do not remain away from home overnight without first securing the Probation Officer's permission." Defense counsel objected to the probation condition stating: "First, I would object to number 8. [M.S.] is an adult, so as an adult, if he wishes to stay overnight at a friend's house or a family's house, I don't think he should need to obtain Probation's permission for that." The juvenile court overruled the objection and imposed probation condition No. 8, finding it reasonably related to M.S.'s rehabilitation.

*B.      Relevant Law*

Although a juvenile court has broad discretion to fashion probation conditions, " ' "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." [Citation.] "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " ' [Citation.] We review vagueness claims de novo." (*In re D.H.* (2016) 4 Cal.App.5th 722, 727; *In re P.O.* (2016) 246 Cal.App.4th 288, 293–294.)

*C.      Analysis*

Initially we note that although M.S. objected to probation condition No. 8 at sentencing, the objection was that M.S. was an adult, and not on vagueness grounds. Generally, failure to object to a court's ruling forfeits the issue on appeal. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880; *People v. Simon* (2001) 25 Cal.4th 1082, 1086.) However, a defendant need not object in order to preserve a claim where a probation condition is challenged as unconstitutionally vague or overbroad on its face and presents a pure question of law. (*In re Sheena K.,* at pp. 885–888.) Here, the probation condition is

12.

challenged as unconstitutionally vague or overbroad on its face which may be easily remedied by clarification from the juvenile court, making it unnecessary to extend the forfeiture rule to the present challenge. (See *id*. at p. 888.) As such, this claim is not forfeited, and we need not address M.S.'s alternative claim of ineffective assistance of counsel.

We agree with M.S., as conceded by the People, that the term "overnight" is open to multiple interpretations in probation condition No. 8. The People specifically note that "one could reasonably read the condition as limiting [M.S.] from being away from home while it is night, regardless of the time. Another interpretation is that the condition permits [M.S.] to be out at any time so long as he is home between 11:59 p.m. and 12:00 a.m." Since there are at least two reasonable interpretations of the probation condition, we agree that it is not precise enough for M.S. to know what is required of him, or for the court to determine whether this condition has been violated. (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 890 [" 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated' "]; *In re D.H.*, *supra*, 4 Cal.App.5th at p. 727.) The vagueness of the term "overnight" fails to provide adequate notice to M.S. and is therefore, unconstitutionally vague. (See *In re D.H.,* at p. 727.)

Accordingly, the matter is remanded to the juvenile court to modify probation condition No. 8 by more precisely defining the term "overnight."

IV.    TRAVEL CONDITIONS.

M.S. contends that probation conditions Nos. 5 and 6 are overbroad and impede on his constitutional rights "to travel, to assembly, and to association" without being necessary to a compelling government interest. M.S. claims he has not forfeited these claims because the conditions are an "as-applied Constitutional violation given the lack of a nexus to the crimes." Alternatively, M.S. raises a facial challenge to the probation

13.

conditions. The People contend that M.S.'s failure to object below limits him to only claiming that the travel conditions are facially overbroad, which they claim is meritless. We agree with the People and deny this claim.

### A.    Relevant Background

Probation condition No. 5 reads: "Obtain permission of the Probation Officer before leaving Merced County."

Probation condition No. 6 reads: "Do not leave the state without the written approval of the Court and the Probation Officer and do not relocate to another state until noticed that the jurisdiction has accepted the case through Interstate Compact."

M.S. did not object to probation condition Nos. 5 or 6.

### B.    Relevant Law

As a general rule, "the probationer should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if appropriate in the exercise of its informed judgment, to effect a correction." (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.) In *In re Sheena K.*, our Supreme Court did not consider the defendant's claim that the probation condition was unconstitutionally vague and overbroad forfeited by her failure to raise it in juvenile court. (*Ibid*.) However, the court was clear that it did not conclude that " 'all constitutional defects in conditions of probation may be raised for the first time on appeal, since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." [Citation.]" In those circumstances, "[t]raditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." ' " (*Ibid*.)

The failure to challenge a probation condition as unreasonable forfeits that claim on appeal. (*People v. Welch* (1993) 5 Cal.4th 228, 234–236.) "An as-applied

14.

constitutional challenge is forfeited unless previously raised." (*People v. Patton* (2019) 41 Cal.App.5th 934, 936, citing *In re Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

"[T]he forfeiture rule does not extend to facial constitutional challenges presenting pure questions of law that can be resolved without referring to the particular sentencing record developed below." (*People v. Patton*, *supra*, 41 Cal.App.5th at p. 946; see *In re Sheena K.*, *supra*, 40 Cal.4th at pp. 885, 887.) A constitutional challenge that requires a review of the facts set forth in the record is not a pure facial challenge, and a failure to object will forfeit the claim on appeal. (See *In re Sheena K.*, at p. 889; *People v. Kendrick* (2014) 226 Cal.App.4th 769, 777–778.) In other words, a facial claim is one that asserts a claim that "a condition cannot have *any* valid application, without relying on any facts in the sentencing record." (*Patton*, at p. 946.)

C.    *Analysis*

M.S. acknowledges his counsel did not challenge probation condition Nos. 5 and 6 below. These probation conditions require M.S. to obtain permission from the court and probation officer before leaving Merced County or the state, and to refrain from relocating to another state before the receiving jurisdiction has confirmed that it accepted M.S.'s case. M.S. now claims that these conditions are overbroad and impede on his constitutional rights "to travel, to assembly, and to association" without being necessary to a compelling government interest. M.S.'s claim that the conditions are an "as-applied Constitutional violation given the lack of a nexus to the crimes" is forfeited since it is not a pure facial challenge but requires reviewing and relying on facts set forth in the record to determine whether the probation conditions have any valid application. (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 889; *People v. Kendrick, supra,* 226 Cal.App.4th at pp. 777–778; *People v. Patton*, *supra*, 41 Cal.App.5th at p. 946.)

M.S.'s alternative claim of ineffective assistance of counsel for failure to object below does not preserve his claim. M.S. fails to meet his burden of demonstrating both

that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that, absent counsel's error, it is reasonably probable that the outcome would have been more favorable to him. (See *Strickland v. Washington* (1984) 466 U.S. 668, 694; *People v. Stewart* (2004) 33 Cal.4th 425, 459; *People v. Ledesma* (1987) 43 Cal.3d 171, 216–218.)

In reviewing a claim of ineffective assistance, we accord great deference to trial counsel's reasonable tactical decisions and will find ineffective assistance only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose of his act or omission. (*People v. Weaver* (2001) 26 Cal.4th 876, 925; *People v. Lucas* (1995) 12 Cal.4th 415, 436–437, habeas corpus granted in part by *In re Lucas* (2004) 33 Cal.4th 682, 736–737; see also *People v. Fosselman* (1983) 33 Cal.3d 572, 581 [on appeal, a conviction will be reversed on the ground of ineffective assistance of counsel "only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission"].)

There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 689.) Mere failure to object seldom establishes counsel's incompetence. (*People v. Frierson* (1991) 53 Cal.3d 730, 747, 749.) "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel." (*People v. Kelly* (1992) 1 Cal.4th 495, 540; *Frierson,* at pp. 747, 749.) If the record fails to show why counsel failed to object, the claim of ineffective assistance must be rejected on appeal unless counsel was asked for an explanation and failed to provide one or there can be no satisfactory explanation. (*People v. Huggins* (2006) 38 Cal.4th 175, 206.)

M.S. fails to demonstrate his counsel was ineffective for failing to object to the travel conditions. The record does not affirmatively disclose that counsel had no rational tactical purpose for not objecting to the challenged probation conditions. (See *People v. Fosselman, supra,* 33 Cal.3d at p. 581; *People v. Huggins*, *supra*, 38 Cal.4th at p. 206.)

16.

Counsel could have believed that any objection would have been futile given the juvenile court's broad discretion in imposing probation conditions that effect probation's supervision. Here, "the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged" and the claim of ineffective assistance of counsel must be rejected. (*People v. Gamache* (2010) 48 Cal.4th 347, 391; *People v. Carter* (2003) 30 Cal.4th 1166, 1211.) Nor does M.S. show it is reasonably probable that the juvenile court would have acted differently had counsel objected. M.S.'s offenses involved threatening victims and stabbing one victim with a knife. It is not reasonably probable that the juvenile court would have modified the terms of probation to allow M.S. to travel out of the county or state only after providing notice instead of requiring permission.

Since M.S. did not object below and his counsel's failure to object did not constitute ineffective assistance of counsel, M.S.'s claim challenging the reasonableness of the travel conditions of his probation are forfeited.

Even so, M.S. fails to demonstrate that the travel conditions impede on his constitutional rights "to travel, to assembly, and to association" without being necessary to a compelling government interest. "Imposing a limitation on probationers' movements as a condition of probation is common." (*People v. Moran, supra,* 1 Cal.5th at p. 406; see *In re Antonio R*. (2000) 78 Cal.App.4th 937, 941–942.) A probation officer's knowledge of probationer's whereabouts "facilitates supervision and rehabilitation and helps ensure probationers are complying with the terms of their conditional release." (*Moran*, at p. 406; see *People v. Thrash* (1978) 80 Cal.App.3d 898, 902 [travel-restriction conditions "validly appl[y] to everyone because of the continuing supervision by the probation department …"].)

This case is readily distinguished from the *In re James C.* (2008) 165 Cal.App.4th 1198, 1204–1205 relied on by M.S. There, a probation condition banning the minor from entering the United States was found to impermissibly infringe on his rights to travel, assemble, and to associate. (*Id*. at p. 1205.) Here, the probation condition does not ban

M.S. from entering the United States. It does not ban travel but requires permission before travelling.

Second, the challenged probation conditions are not overbroad, as they facilitate supervision and rehabilitation and do not ban M.S. from traveling within or outside the state. In *People v. Relkin* (2016) 6 Cal.App.5th 1188, the court upheld as not overbroad a probation condition that required the defendant to obtain written permission from his probation officer before leaving the state. (*Id*. at p. 1196.) The court acknowledged that "[w]hile all citizens enjoy a federal constitutional right to travel from state to state, [citation] that right is not absolute and may be reasonably restricted in the public interest." (*Id*. at p. 1195.) In upholding the constitutionality of the probation condition, the *Relkin* court explained that the condition was narrowly tailored because it required only that the defendant obtain permission to leave the state and it did not prohibit travel within or outside the state altogether. (*Id*. at p. 1196.) Here as well, M.S.'s right to travel is not unreasonably restricted because he may freely travel within Merced County. He remains free to move about his community, drive on any public road or freeway, use public transportation, work, shop, attend school, and do many other activities. And he is free to travel outside the county and state with permission. And for the same reasons, the requirement that M.S. obtain permission from both the court and probation before leaving the state is not unreasonable. Therefore, probation condition Nos. 5 and 6 are not overbroad and we decline to modify them.

## V. ELECTRONIC SEARCH CONDITION

M.S. contends that probation condition No. 16 is invalid under *Lent* and is unconstitutionally overbroad. The People disagree stating that the electronics search is reasonable under *Lent* because it enables probation to monitor M.S.'s compliance with the probation condition prohibiting contact with any of the victims. The People agree that a limited remand is appropriate to allow the juvenile court to more narrowly tailor

the condition to the legitimate rehabilitative purpose it serves.  We agree with the People that the electronic search condition is reasonable under *Lent* but that a limited remand is required to more narrowly tailor the probation condition.

### A.  Relevant Background

The court imposed probation condition No. 16, which reads as follows: "Submit to search of all electronic devices, including cell phones and computers at any time of the day or night by any Probation Officer or Peace Officer with or without a warrant, probable cause, or reasonable suspicion over which the minor has control over or access to for electronic communication.  Minor must provide access/passwords to any Probation Officer or Peace Officer.  Minor waives the specific consent and warrant requirements set forth in 1546 and 1546.1 of the California Penal Code."

Counsel objected to imposition of condition No. 16, stating: "I don't believe based on my understanding of the charges and the incident, that here is a nexus between that condition and the incident that occurred on that date."  The juvenile court overruled the objection, finding the condition "reasonably related to the rehabilitation of" M.S.

The court also imposed probation condition No. 44 which states: "Do not have contact with the victim(s) …."

### B.  Relevant Law

"[A] minor cannot be made subject to an automatic search condition; instead, such condition must be tailored to fit the circumstances of the case and the minor."  (*People v. Rios* (2011) 193 Cal.App.4th 584, 597; *In re Binh L.* (1992) 5 Cal.App.4th 194, 203; see Welf. & Inst. Code, § 730, subd. (b).)

### C.  Analysis

We conclude the electronics search condition is reasonable under *Lent*.  Regarding the first two *Lent* prongs, the parties agree there is no nexus between M.S.'s offenses and the use of any electronic devices and that the conduct itself is not criminal.  (See *Lent*,

*supra*, 15 Cal.3d at p. 486.)  It is the third prong under *Lent* that is disputed: whether the condition requires conduct which is not reasonably related to future criminality.  (See *ibid*.)

Probation conditions authorizing searches " 'aid in deterring further offenses … and in monitoring compliance with the terms of probation.  [Citations.]  By allowing close supervision of probationers, probation search conditions serve to promote rehabilitation and reduce recidivism while helping to protect the community from potential harm by probationers.' " (*Olguin, supra,* 45 Cal.4th at p. 380; *People v. Robles* (2000) 23 Cal.4th 789, 795.)  A condition of probation that enables a probation officer to supervise his or her charges effectively is, therefore, " 'reasonably related to future criminality' " under *Lent*.  (*Olguin*, at pp. 380–381; see, e.g., *People v. Kwizera* (2000) 78 Cal.App.4th 1238, 1240 [affirming probation condition requiring the defendant to " ' "[f]ollow such course of conduct as the probation officer prescribes" ' " as reasonable and necessary to enable the probation department to supervise compliance with specific conditions of probation]; *People v. Balestra* (1999) 76 Cal.App.4th 57, 65–67 [upholding warrantless search condition that served valid rehabilitative purpose of helping probation officer ensure that probationer obeys all laws].)

As applied here, the electronic search condition is reasonably related to future criminality as it allows the probation department to monitor M.S. and ensure compliance with the terms of probation.  (See *Olguin*, *supra*, 45 Cal.4th at pp. 380–381.)  Additionally, the juvenile court imposed a probation condition prohibiting contact with the victims in this case.  Since M.S. was in a relationship with one of the victims, and possessed a cellular phone, he likely used electronic devices to communicate with her.  Thus, the juvenile court is further justified in imposing an electronics search condition to ensure that M.S. complies with this order.  (See *In re Amber K.* (2020) 45 Cal.App.5th 559, 567 ["[E]ven in the absence of evidence that [the minor] ever used electronic devices for any other purpose, we see no abuse of discretion in the juvenile court

imposing an electronic search condition to make sure that [she] has no contact with [the victim]"].)   Therefore, even though the search condition has no relationship to the crimes and involves conduct that is not itself criminal, the condition is valid under *Lent*.  (See *Olguin*, at p. 380.)

In re Ricardo P., *supra,* 7 Cal.5th 1113 is readily distinguishable.  In *Ricardo P.*, a probation condition subjected Ricardo P. to warrantless searches of his electronic devices, including accounts within the devices.  (*Id*. at p. 1115.)  Our Supreme Court affirmed that the condition should be stricken because there was "no suggestion in the record or by the Attorney General that Ricardo has ever used electronic devices to commit, plan, discuss, or even consider unlawful … activity." (*Id*. at p. 1119.)  Here, although there is nothing in the record suggesting that M.S. ever used an electronic device to commit, plan, discuss, or even consider unlawful activity, the condition is reasonably related to the third prong in *Lent* by protecting the victims as discussed above.

Even when a probation condition is valid, it should be modified to be more narrowly tailored when it is overbroad.  (See *People v. Appleton* (2016) 245 Cal.App.4th 717, 719 [electronic search condition was overbroad]; *In re Malik J.* (2015) 240 Cal.App.4th 896, 902 [electronic search condition was overbroad and limited it to electronic devices found in the minor's custody and control].)  We agree that the electronics search condition is overbroad and uses language that is "too broad to survive scrutiny."  (See *In re Alonzo M*. (2019) 40 Cal.App.5th 156, 167.)  The electronics search condition authorizes "a search of all electronic devices, including cell phones and computers … over which the minor has control over or access to for electronic communication" and requires that M.S. "provide access/passwords to any electronic devices, computers, cell phones, accounts, and applications to any Probation Officer or Peace Officer."  The section stating that M.S. must provide the passwords to any electronic devices or apps is open to reasonable interpretations.  One reasonable interpretation of the phrase "any electronic devices or apps" is that the use of "any" refers

21.

only to any "electronic devices … [used] for electronic communication" as described earlier. However, another reasonable interpretation is that M.S. is required to provide passwords to any electronic devices and applications regardless of whether they can be used for electronic communication.

Consequently, a limited remand is appropriate to allow the juvenile court to more narrowly tailor the electronic search condition to the purpose for which it was imposed. (*In re Alonzo M., supra*, 40 Cal.App.5th at p. 168, fn. 3.) The juvenile court should tailor the electronics search condition to indicate that the specific devices and apps that M.S. must provide access and passwords to must be those that M.S. has control over or access to for communication. By so narrowing the electronics search condition, probation will still be able to monitor M.S.'s compliance with the condition of no contact with the victims. (See *ibid*.; see also *Amber K., supra*, 45 Cal.App.5th at p. 568.)

We reject M.S.'s alternative argument that the court should limit the search condition to applications or other discrete portions of electronics reasonably likely to contain evidence of weapons. This modification is too narrow as it excludes a legitimate purpose of monitoring to ensure compliance with the condition requiring no contact with the victims.

VI.    WEAPONS CONDITION

M.S. contends that the weapons probation condition is unreasonable under *Lent* and facially overbroad. M.S. argues that the claim is not forfeited even though his counsel failed to object; alternatively, M.S. claims ineffective assistance of counsel for failure to object. The People contend M.S. forfeited his claim under *Lent* for failure to object below but agrees that the condition is facially overbroad and should be modified.

*A.    Relevant Background*

The court imposed probation condition No. 41 which states: "You shall not own, possess, transport, sell or have immediate access to any firearm, firearm replica,

magazines, ammunition, ammunition loading devices, dangerous/illegal weapons, oleocapsicum pepper spray pursuant to Section 22810 of the Penal Code, conducted electrical weapons pursuant to 22610 of the Penal Code or other weapon or be involved in activities with, associate with, nor remain in the presence of any person who has immediate access to any firearm, firearm replica or other dangerous/illegal weapon in their possession or under their control." Defense counsel did not object to the probation condition.

### B. Analysis

Because M.S. did not object to probation condition No. 41 below, his claim under *Lent* is forfeited. (See *In re Sheena K.*, *supra*, 40 Cal.4th at p. 885 [applying forfeiture rule to claims on appeal regarding probation conditions premised upon the facts and circumstances of the case].) Nor is his claim preserved by claiming ineffective assistance of counsel.

M.S. fails to meet his burden of demonstrating both that his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms for failing to object, and that, absent any error, it is reasonably probable that the outcome would have been more favorable to him. (See *Strickland v. Washington, supra,* 466 U.S. at p. 694.) The record does not show that M.S.'s counsel had no rational tactical purpose for not objecting to the challenged probation condition. As the People point out, counsel could have believed that any objection would have been futile given the juvenile court's broad discretion in imposing probation conditions related to rehabilitation and because of M.S.'s use of a knife in the offenses. Thus, it cannot be said that counsel's failure to object fell below the objective standard of reasonableness, which was required in order to show that his counsel's performance was deficient. (See *ibid.*)

Further, M.S. fails to establish it is reasonably probable that the outcome would have been more favorable to him if counsel had objected. (See *Strickland v. Washington,*

23.

*supra,* 466 U.S. at p. 694.)  M.S.'s offenses involved a weapon, including stabbing the victim with a knife.  Therefore, it is not reasonably probable that the juvenile court would have modified the weapons condition of probation for unreasonableness under *Lent*.

Even considering M.S.'s unreasonableness claim, we conclude the condition is not invalid under *Lent*.  While the probation condition requiring M.S. to not be around others with weapons may not be in itself criminal as required under the second prong, M.S. fails to demonstrate the other two *Lent* prongs.  Under the first *Lent* prong, M.S.'s offense involved stabbing the victim with a knife and so the weapons condition is reasonably related to the crime.  Accordingly, under the third *Lent* prong, the weapons condition is reasonably related to future criminality.  (See *Lent*, *supra*, 15 Cal.3d at p. 486.)  Since all three *Lent* prongs are not satisfied, the weapons condition remains valid. (See *Olguin*, *supra,* 45 Cal.4th at pp. 379–380.)

M.S. also claims that the weapons condition is facially overbroad.  Since this claim presents a pure question of law that can be resolved without reference to the record, it may be raised for the first time on appeal.  (See *In re Sheena K., supra,* 40 Cal.4th at pp. 885–888; *People v. Gonsalves* (2021) 66 Cal.App.5th 1, 6.)  We review facial constitutional challenges to probation conditions de novo.  (*People v. Mendez* (2013) 221 Cal.App.4th 1167, 1172.)

We agree with the undisputed claim that the weapon condition is unconstitutionally overbroad as written.  Specifically, it is overbroad as it relates to associating or being in the presence of others who have access to firearms, as it precludes M.S. access to police, the courts, civic buildings, concerts, venues with armed security and other lawful places.  Accordingly, we modify the specific challenged portion of the weapons condition to read as follows: "… or be involved in activities with, associate with, nor remain in the presence of any person, other than those acting lawfully in the course of their employment, who unlawfully has immediate access to any firearm, firearm replica or other dangerous/illegal weapon in their possession or under their

24.

control." (See *In re Sheena K., supra*, 40 Cal.4th at p. 892 [appellate courts have the power to modify a probation condition to "render the condition constitutional"].)

VII.    SCIENTER REQUIREMENT TO PROBATION CONDITIONS 17, 41 AND 44

M.S. contends that probation conditions 17, 41 and 44 erroneously ban innocent conduct because they lack an "express-knowledge requirement." M.S. argues that these probation conditions should be modified to include the word "knowingly" after the first word, "[n]ot" in condition No. 17; after "[y]ou shall not" and "or other weapon" in condition No. 41; and after "[d]o not" and "or" in condition No. 44. The People agree that probation condition No. 44 should be modified as it fails to provide M.S. with adequate notice and is not narrowly tailored to serve the interests of public safety and rehabilitation. The People disagree that probation condition Nos. 17 and 41 require modification. We agree with the People.

*A.    Relevant Background*

Probation condition No. 17 reads as follows: "Not own, possess, be in control of, consume, or be under the influence of any controlled substance, including alcohol, unless prescribed by a licensed physician or possess any paraphernalia, device, or contrivance used to consume controlled substances, alcoholic beverages, and tobacco product."

Probation condition No. 41 reads: "You shall not own, possess, transport, sell or have immediate access to any firearm, firearm replica, magazines, ammunition, ammunition loading devices, dangerous/illegal weapons, oleocapsicum pepper spray pursuant to Section 22810 of the Penal Code, conducted electrical weapons pursuant to Section 22610 of the Penal Code or other weapon or be involved in activities with, associate with, nor remain in the presence of any person who has immediate access to any firearm, firearm replica or other dangerous/illegal weapon in their possession or under their control."

Probation condition No. 44 reads: "Do not have contact with the victim(s), [A.A. - 1], [J.A.] and [A.A. - 2], or be within 100 yards of the victim's residence, school, and/or place of employment without the prior approval of the Probation Officer."

M.S. did not object to these probation conditions at the time they were imposed.

B.  *Relevant Law*

To determine whether a probation condition is unconstitutionally vague or overbroad, our Supreme Court has articulated the following standard: "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  [Citation.]  A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K., supra*, 40 Cal.4th at p. 890.)  To withstand constitutional scrutiny under both doctrines, a probation condition must include an explicit knowledge requirement.  (*Id*. at pp. 889, 891-892; *People v. Lopez, supra,* 66 Cal.App.4th at pp. 628–629, 638; *People v. Garcia* (1993) 19 Cal.App.4th 97, 102–103.)

C.  *Analysis*

Initially we note M.S.'s claim is not forfeited on appeal even though M.S. did not object below because his claim challenges the conditions as unconstitutionally vague or overbroad which is not dependent on the record.  (See *In re Sheena K., supra*, 40 Cal.4th at pp. 878–879.)

We conclude probation condition No. 17 is overbroad as it holds M.S. liable if he were to unknowingly consume a controlled substance or possess a device which unknowingly contained a controlled substance.  "[P]robation conditions that implicate constitutional rights must be narrowly drawn[.]"  (See *People v. Garcia, supra*, 19 Cal.App.4th at p. 102.)  Therefore, condition No. 17 shall be modified to read: Not

26.

knowingly own, possess, be in control of, consume, or be under the influence of any controlled substance, including alcohol, unless prescribed by a licensed physician or possess any paraphernalia, device, or contrivance used to consume controlled substances, alcoholic beverages, and tobacco products.

However, probation condition Nos. 41 and 44 need not be modified. As our Supreme Court in *People v. Hall* (2017) 2 Cal.5th 494 explained, inclusion of an express knowledge requirement in weapon and contraband probation conditions is not constitutionally compelled because case law already requires they "be construed to require knowledge of its presence and its restricted nature." (*Id*. at pp. 501, 503–504.)

VIII.   CLERICAL ERRORS TO BE CORRECTED

Probation condition No. 4 states, "Attend school every day, every class on your schedule as prescribed by law, and obey all school regulations. Notify your Probation Officer by 10:00 a.m. on any school day that you are absent from school. If you are home from school because of illness or suspension, you are not to leave your home that day or night except to keep a doctor's appointment unless given permission by your Probation Officer. You will not voluntarily enroll in an independent studies program or alternative school unless prior written permission has been obtained from your Probation Officer. If you have graduated from school or are eighteen years of age, you must seek and maintain at least 32 hours a week of gainful employment."

At the dispositional hearing, the juvenile court indicated that it would strike probation condition No. 4 because appellant "is an adult." The probation officer stated, "on number 4 on the very bottom, it does look—the last sentence about him keeping at least 32 hours of gainful employment." The juvenile court replied, "Right. Other than that, it's stricken."

However, the order of wardship and amended minute order reflect the full language of condition No. 4. When a court's oral statement and a written minute order

27.

are contradictory, generally, the oral pronouncement controls. (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2; *People v. Price* (2004) 120 Cal.App.4th 224, 242 ["Any discrepancy between the minutes and the oral pronouncement of a sentence is presumed to be the result of clerical error. Thus, the oral pronouncement of a sentence prevails in cases where it deviates from that recorded in the minutes"].) Errors in recording the judgment are clerical errors that can be corrected at any time. (*In re Candelario* (1970) 3 Cal.3d 702, 705; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Therefore, we order the order of wardship and amended minute order modified to reflect the oral pronouncement that probation condition No. 4 is stricken, except for the last sentence about keeping gainful employment, in order to harmonize the record. (See *People v. Lawrence* (2009) 46 Cal.4th 186, 196, fn. 4.)

Moreover, the juvenile court did not make the findings regarding the Welfare and Institutions Code section 726, subdivision (a)(1) and (3) which were included in the order of wardship and amended minute order. Both M.S. and the People agree that "[t]he juvenile court should be directed to file an amended order of wardship and amended minute order that conforms with its oral pronouncement." "[A] discrepancy between the judgment as orally pronounced and as entered in the minutes is presumably the result of clerical error." (*People v. Mesa* (1975) 14 Cal.3d 466, 471, superseded by statute on another ground as explained in *People v. Turner* (1998) 67 Cal.App.4th 1258, 1268; see § 1207 [the clerk enters the judgment into the minutes].) Clerical errors can be corrected at any time. (*In re Candelario*, *supra*, 3 Cal.3d at p. 705; *Mitchell*, *supra*, 26 Cal.4th at p. 185.) Therefore, we order the amended minute order and order of wardship modified to reflect the juvenile court's oral pronouncement. (See *People v. Lawrence, supra,* 46 Cal.4th at p. 196, fn. 4.)

## DISPOSITION

We strike the gang probation condition under No. 35. We order a limited remand for the juvenile court to declare M.S.'s offenses under counts 1 and 3 to be a felony or a

misdemeanor, to modify probation condition No. 8 by more precisely defining the term "overnight," to modify probation condition No. 16 to more narrowly tailor the electronic search condition, to modify the weapons condition under No. 41 in accordance with this opinion, to modify probation condition No. 17 in accordance with this opinion, and to modify the order of wardship and amended minute order to reflect the juvenile court's oral pronouncements.  In all other respects, the judgment is affirmed.


                                                                    FRANSON, J.

WE CONCUR:


POOCHIGIAN, Acting P. J.


DE SANTOS, J.